WILLIAM B. WALTON, JAMES L. WALTON & LEWIS L. LEE, *Complainants and Appellees*,

*vs.*

DARIUS CODY, *Defendant and Appellant.*

APPEAL FROM THE CIRCUIT COURT OF DANE COUNTY.—IN EQUITY.

The term "mortgage" has a definite, technical, legal signification, and imports a defeasance, and an equity of redemption. In a bill to foreclose, it is not essential that the defeasance be set out. It is sufficient that it be alleged that the mortgage was executed and delivered to secure certain notes, &c.

When a case is brought on to a hearing, on bill and answer, the answer is taken to be true in every particular. But where a case is brought to a hearing upon bill, answer and replication, the answer is evidence, only so far as it is responsive to the bill.

Where new matter, or matter in avoidance is set up in the answer, and there be a replication, such matter in avoidance must be proved by independent testimony.

If a manufacturer vends an article for a particular purpose, the law implies a warranty on his part, that the article shall reasonably answer the purpose for which it is designed and sold. In such case, the principle of *caveat emptor* does not apply, but the purchaser has a right to rely upon the representations of the manufacturer.

But if a special warranty be set up as a defence to recover the price, such special warranty, or contract, must be proved as laid, in equity as well as at law.

Having set up a special warranty as a defence, and having failed to prove it, the party cannot fall back on the warranty implied by law. He is bound by the special contract which he alleges.

The power of sale contained in a mortgage does not divest a court of equity of jurisdiction.

Nor does such power of sale give to the mortgagor a right to the term of two years for redemption upon foreclosure.

The two remedies, forclosure by advertisement and sale, and foreclosure by decree of a court of equity, are at the option of the mortgagee. To the former, the statutory term of redemption attaches, to the latter, it does not.

The facts of the case are fully stated in the opinion of the court.

*Knapp & Frink*, for the appellant.

I.  The plaintiffs cannot recover in this case, because,

1. The bill does not state that the notes and mortgage are the property of the plaintiffs. *Mitf. Pl.* 38, 45, 50 *and note* 1; *R. Stat.* 413, § 5; *Smith's Ch. Pr.* 83 *and Note A.*

2. The bill does not state there was a defeasance; if not, ejectment, and not a bill for foreclosure was the remedy.

II.  The plaintiffs cannot recover, because by the rules of chancery and law, the answer is a complete defence.

1. By bringing the case to a hearing on a bill, answer and replication, without proof, the answer must be taken to be true in every particular against the plaintiff. *Wiser vs. Blachly,* 1 *Johns. Ch. Rep.*, 607.  In such a case the answer is the only ground for a decree, and if the complainant cannot sustain his case by it, his bill must be dismissed. *Dunham vs. Gates,* 1 *Hoff. Ch. Rep.* 185.  The admission that the notes are payable to the plaintiffs cannot avail them, unless put in issue by the bill, because of the denial in the replication.  *Gres. Ev.* 27, *note N.*

2. The answer is responsive to the charge in the bill, that the defendant was "indebted," &c., and therefore must prevail over it.  *Smith's Ch. Pr.*, 272 *note B.*

3. The answer is fully proven by others (see evidence) and the bill must be dismissed.  *Findley vs. Breedlove,* 3 *Low. Cond. Rep.* 244; *Jones vs. Bright,* 5 *Bing.* 533; *Gallagher vs. Warring,* 9 *Wend.* 28;

*Donnelson vs. Young,* 1 *Meigs,* 155; *Batterman vs. Pierce,* 3 *Hill,* 174.

*Collins, Smith and Kissam,* for the appellees, made the following points:

1. That the warranty set up is entirely indefinite.

2. That *no* warranty of any kind or to any extent is proved.

3. That by the defendant's own showing in his answer, he was to make certain alterations in the machine, if it did not work well; and if, *after* such alterations it did not work well, complainant would come to Dane county and make certain alterations; but he does not allege that he made the alterations, nor does he try to prove them.

4. Defendant alleges, that about the 4th of January, 1850, (the time he paid thirty dollars,) "he told complainant Walton, that the machine was not as good as recommended." This is the only proof of any complaint ever being made to Walton & Co. of the insufficiency of the machine and separator.

5. We contend, that the answer, admitting it to be true, does not make out a defence, and the proof amounts to nothing in support of the answer.

*By the Court,* SMITH, J. This case is brought up on appeal in chancery from the decree of the Circuit Court of Dane county.

The appellees and complainants filed in the Circuit Court their bill for the foreclosure of a mortgage, made by the defendant below, to secure the payment of three promissory notes—one for $50, payable sixty days from date; one for $50, payable on the first day

of January, 1850; and one for $100, payable one year
from date—all bearing date Sept. 18th, 1849.

The bill sets forth that the defendant, on the 18th day of September, 1849, being indebted to the complainants in the sum of two hundred dollars, did make and execute, jointly and severally, with John Bradbury, of the county of Dane, under their hands, and deliver to the complainants certain promissory notes, bearing date on that day : one payable sixty days after said day, for fifty dollars and interest ; one payable the first day of January next after said day, for fifty dollars and interest ; and one payable one year after said day, for one hundred dollars and interest.

And that the said Darius Cody, to secure the payment of the principal and interest mentioned in said notes, did, on the same day, " duly execute under his hand and seal, and deliver to the complainants, a mortgage bearing even date with said promissory notes, and conditioned for the payment of the said sum of two hundred dollars, (and also with solicitors fees thirty dollars,) with interest thereon, according to the condition of said promissory notes, by which said mortgagor mortgaged unto your orators in fee the following described lands and real estate, &c., &c.," which mortgage was duly acknowledged, and was afterwards recorded, &c., &c.

The bill further alleges that the said " sum of two hundred dollars and interest (except the sum of $30, paid by defendants the fourth day of January, A. D. 1850,) remains due and unpaid, and that no proceedings at law have been had, &c."

The defendant, by his answer, admits the making of the notes and mortgage, and their delivery to the complainants. But to relieve himself from liability

on the same, and to avoid the effect thereof, he further answers, that on or about the 18th day of September, A. D. 1849, "the said complainants and one Duvall, who represented himself as a partner of the complainants in the business of making and vending threshing-machines and separators, at the town of Milwaukee, in said State of Wisconsin, did sell to the said defendant and the said John Bradbury mentioned in said bill, as partners in said purchase, a machine, commonly called an eight-horse power threshing machine, and separator attached; "and at the same time, the said defendants and the said Duvall did then and there agree with the said defendant and the said John Bradbury, and did warrant that the said machine and separator should thresh and clean or separate any grain threshed therein, in a good, expeditious and workmanlike manner; and the said complainants and the said Duvall did then and there also further agree, that in case the said machine and separator did not work well, in, and about said business of threshing grain, the said complainants and Duvall, or one of them, should alter and repair the same so that it should work well and according to said warranty; and the said complainants and the said Duvall, at the time of making said contract and giving said warranty, directed this defendant and the said Bradbury, in case said machine did not work well as aforesaid, to make one alteration in the motion of the separator, and if, after such alteration was made, the said machine and separator did not then work well, the said complainants, or Duvall, would come out to Dane county, where said machine and separator were to be at work, and there make such

alterations and repairs as would make said machine and separator what it was warranted to be."

The defendant further admits, that the notes mentioned in the complainant's bill were executed and delivered, but alleges that the sole consideration for the said notes was the said threshing machine and separator.

The defendant also alleges in his answer, that, after making the contract aforesaid, and about the fourth day of January, he and Bradbury informed said complainants and Duvall that they had tried to work said machine and separator, and had made the alteration as ordered by complainants, and that said machine and separator did not work as warranted, either before or after making such alteration; that, in fact said machine and separator were of no value without further alteration and repair; and the answer further alleges, that neither the said complainants or Duvall, nor either of them, at any time, made any alterations or repairs to said machine and separator, to make them correspond and conform to the said guaranty; and that the said machine and separator are entirely without value to the defendant and Bradbury, and have been so valueless from the beginning.

To this answer the complainants filed a general replication.

Testimony was taken by the defendant, and on the hearing, the complainants introduced in evidence the notes and mortgage.

On behalf of the defendant, it was proved that the notes were given for the machine in question; that the machine did not work well, and that the defendant tried it fairly; one witness testifying that "we did every thing we could to make it work, but did

not succeed, and in my opinion the separator was not ghod for any thing, and could not be made good for any thing." Another witness testified, that the first week in January, A. D. 1850, the defendant and complainants were together; that defendant told Walton that the machine was not as good as recommended; that Walton said, if it was not, they would make it as good; that defendant paid thirty dollars, which was endorsed on the notes; the witness understood from the parties at the time, that said notes were given for the purchase of a threshing machine and separator, which the defendant claimed was not as good as warranted; that the witness had seen said machine in operation, and worked with it; that it was good for nothing, and worthless as a threshing machine and separator. Several other witnesses testified to the defective or worthless character of the machine or separator, or both.

On the pleadings and evidence, the court below rendered the usual decree for the complainants, for the amount due upon the notes and mortgage, to reverse which decree an appeal is brought to this court.

It is claimed by the counsel for the appellant, that the complainants cannot recover, for the reason, that the bill does not allege that the notes and mortgage are the property of the plaintiffs.

We do not think this objection a valid one. The bill does allege, that the notes and mortgage were executed and delivered to the complainants, and " that the sum of two hundred dollars, with interest, from the 18th day of September, 1849, remains due and unpaid *to your orators*, excepting the sum of thirty dollars paid by the said defendant to your orators on the 4th day of January, 1850." This is a sufficient

allegation of title in the complainants, to enable them to introduce the notes and mortgage in evidence ; and it was wholly unnecessary to allege that the complainants continued to hold and own, or did hold and own, the notes and mortgage at the time of the filing of the bill.

It is enough that they aver the execution and delivery to them, and that the amount of the notes and mortgage, or a certain part thereof, remains due and unpaid to the complainants ; and that the notes and mortgage are produced by them in evidence.

In a bill filed by an assignee, after stating the transfer of the mortgage and note to him, it is not necessary to allege that he still continues to hold and own the same. He shows his acquisition of title, and it is presumed to continue, until the contrary is alleged or proved. Such an averment is not necessary in a declaration in an action at law, and certainly cannot be required in equity pleading,

Again : it is insisted by the counsel for the defendant, that the answer sets up a complete defence to the bill, and that the case having been brought to a hearing upon the bill, answer and replication, without proof, the answer must be taken to be true in every particular against the complainants. In support of this proposition, is cited the case of *Wiser vs. Blachly*, 1 *John. Ch. R.* 607. It is true, that when a cause proceeds to a hearing upon bill and answer, the answer must be taken to be true in every particular. The reason for this rule is, that the complainant, by failing to take issue by a replication, deprives the defendant of the opportunity to prove the matters set up in his answer. It is an admission on his part, that he is

JUNE TERM, 1853.

Walton et al.
vs.
Cody.

content with the case as the bill and answer present it, and that he cannot deny, or does not seek to question or deny, any of the matters set up. But when the complainant puts in a replication, he thereby controverts all the facts contained in the answer. He completes the issue between the parties. Then, as to all such matters as the complainant has addressed to the conscience of the defendant, the answer is evidence. It is evidence, as to such matters, because, and only because, the complainant has called the defendant as a witness to them. They are propounded by his bill. The answer responds to the bill, and so far is taken to be true.

But as to all other matters, the answer is not evidence. If it be not responsive, but sets up new and affirmative matter in avoidance of the bill, and the defendant thereby presents a case of his own, positive in its character—not in denial, but in avoidance of the effect of the facts constituting the plaintiff's claim to relief—he is not responding to the appeal of the complainant to his conscience and is not therefore a witness to the facts thus set up. This seems to be the settled practise both in England and America, and is sanctioned alike by reason and authority. *Wakeman vs. Grove,* 4 *Page* 23–33; *New England Bank vs. Winslow Lewis,* 8 *Pick,* 113; *Hart vs. Ten Eyck,* 2 *John. Ch. Rep.* 87, where the rule is discussed at length and settled; *Gilbert's Law of Ev.* 45; *Ormond vs. Hutchinson,* 13 *Vesey,* 47; 7 *Vesey,* 587; 1 *Wash. Rep.* 224; *Green vs. Hart,* 1 *John Rep.* 580; 5 *Vern.* 279. The case in 1st John. Ch. 607 came on for hearing, when the defendants objected to the hearing, on the ground that replication had been filed to the answers, and that no rule had been entered to produce

witnesses. On the other hand it was said, that as the

cause was set down for hearing without such rule, it was a waiver of the replication, and the defendants were entitled to the benefit of the answers, as if the cause had been set down on the bill and answers. The chancellor held this to be the consequence. This is the whole of the case on the point raised. It does not seem, however, ever to have been regarded as authority

Without stopping in this place to inquire whether the answer discloses a complete defence, let us see if it be, and how far it be, responsive to the bill. The simple case presented by the bill is, the execution and delivery of the notes and mortgage to the complainants, that the same remain due and unpaid. The instruments import a sufficient consideration, and the time of payment having elapsed, an indebtedness is implied. What is responsive to the case thus set forth? The execution and delivery of the notes and mortgage—the amount remaining due and unpaid. The matters set up in the answer do not meet these facts. They are distinctly admitted. Being admitted they imply an indebtedness, which can be avoided only by new, positive, substantive and independent facts. In such manner does the defendant seek, by his answer, to avoid the indebtedness, not to deny the facts from which it is implied. They cannot be considered responsive to the bill and therefore are not evidence, but to avail the defence, must be proved by independent testimony. Admitting for the present that the defence disclosed by the answer is sufficient if proved, (and we are inclined so to consider it, though some of the allegations are not perhaps as positively and clearly stated as might be desirable;)

does the evidence adduced correspond with and support the case of defence made by answer ?

The defence set up in the answer is, that the notes and mortgage were given for a threshing machine, purchased by defendant and Bradbury of complainants, who were manufacturers and venders of like machines, and that the machine turned out on trial to be greatly defective, if not wholly worthless. If the answer stopped here, there would be no great difficulty in the case. It would present a simple case of implied warranty and breach. But the answer goes further, and alleges, that when the defendant and Bradbury purchased the machine of complainants, the latter warranted it " should thresh, clean or separate any grain threshed therein in a good, expeditious and workmanlike manner ; and in case it did not work well, one of the complainants should alter and repair the same so that it should work well and according to said warranty ;" that the complainants directed defendant, in case the machine should not work well, to make one alteration in the separator, and then, if it did not work well, one of the complainants would come out to Dane county, where it would be worked, and make such alterations and repairs as would make it what it was warranted to be.

This warranty must be considered as a special one, differing materially from the warranty implied by law. When a manufacturer sells his fabric for a fair price, the law implies a warranty on his part, that it shall answer reasonably the purpose for which it was manufactured and purchased. The principle of *caveat emptor* does not apply. The manufacturer is presumed, by his skill and art, to understand the construction of his machine, and its adaptation to the purpose for

which it was designed. The purchaser is not. The former holds it out to the world as equal to his representations of its object, purpose and capacity ; and the latter has a right to rely upon such representations, and to require their realization ; and in such a case, the purchaser may set up defects in the fabric, as a defence, in whole or in part, in bar of a claim for recovery of the price. *Gaety et al. vs. Rountree et al.* 2 *Chandler*, 28, and the cases there cited. But this warranty is qualified and restricted in several important particulars. If the machine did not work well, the complainants reserved the right to repair it. The defendants were to make a certain specified alteration. If this failed of success, the complainants had the right to make such other alterations and repairs as should make the machine what it was warranted to be. To enable them to do this, they should have notice of the necessity of repair or alteration. This is the special, peculiar warranty alleged by the defendant. Having alleged a special warranty, he cannot resort to that which the law would imply, were none made expressly, or none other set forth.

How does the proof correspond with the answer touching the warranty ? The only witness by whom the original contract is attempted to be proved, is John Bradbury, the joint contractor with defendant, the joint maker of the notes, and joint owner of the machine. Objection was taken to his testimony on the ground of interest, and, we think, rightly. His testimony must, therefore, be excluded. But even this witness does not prove the contract set out in the answer. He says the complainants warranted the machine to do good work. This by no means meets the requirements of the case. The witness, S. S. Rogers,

says, that the first week in January, A. D. 1850, the defendant told complainants " that the machine was not as good as recommended. Walton said, if it was not, they would make it as good." " Defendant paid complainants thirty dollars, which was endorsed on the notes." He also says, " Deponent understood from the parties at the time, said notes were given for the purchase of a threshing machine and separator, which the plaintiff claimed were not as good as warranted." This can, in no respect, be said to prove the warranty alleged in the answer. The answer, in these respects, is not responsive to the bill. Therefore, it is not evidence of itself, but must be proved. It sets forth, as fundamental to the defence, a special warranty, and therefore is not aided by implication of law. To be available, it must be proved by independent, substantive evidence. The evidence produced by the defendant fails to do this, and the defence, in this respect, must be held to be inadequate.

It is further contended, that the bill does not state that there was a defeasance in this mortgage, and therefore ejectment, and not a bill for foreclosure, is the proper remedy.

This point has been considered by the court ; but is not deemed a valid objection to the recovery. The bill alleges that the defendant made, executed and delivered to the complainants, a " mortgage" " by which the mortgagor *mortgaged in fee*," &c. The term mortgage has a technical signification in law, and when used, in legal proceedings as descriptive of a written instrument, it must be taken and construed according to its technical and legal import. Even if there were no defeasance expressed in the mortgage itself, yet if in its legal import and effect it were a mortgage, an

June Term, 1853.

Walton et al.
vs.
Cody.

equity of redemption would be implied, and a bill would lie for the foreclosure of that equity. There are many deeds and conveyances, which contain no express defeasance, but which in equity are mortgages only, and though absolute on their face, are subject to an equity of redemption, to foreclose which, a bill in equity is a proper proceeding. The bill in this case describes a mortgage, by which certain lands were mortgaged in fee, to secure the payment of a certain sum of money at a given time. It alleges the non-payment of the money, admits the equity of redemption and prays that it may be foreclosed. It seems to be in the usual form, and we think it sufficiently describes the mortgage to demand equitable relief, and should therefore be sustained.

There is one other point which we are requested to pass upon. The defendant in his printed case has set out the mortgage introduced by the complainants in evidence, from which it appears that the mortgage contained the usual power of sale, in case of default of the mortgagor in keeping his covenants. As the statute gives the mortgagor two years after such sale, in which to redeem the property, it is contended by the defendant, that this is a reservation by the mortgagor of a specific right of redemption, within two years, and that the defendant is entitled to that term by the decree of the court of equity, the same as though the mortgagee had proceeded by advertisement and sale. The court think otherwise.

The question here presented differs from the case of *Byron vs. May*, 2 *Chandler* 103. In that case objections were raised to the jurisdiction of the Court, on the ground that the power of sale contained in the

28

mortgage, afforded a plain, complete and adequate remedy at law, and therefore a court of equity had no jurisdiction. Here we understand the jurisdiction of the court to be admitted, but, that it is claimed, that the provisions of the statute become a part of the contract, and the mortgagor is thereby entitled to the term of two years for redemption on a sale decreed by the court.

We think the ruling of the court in Byron vs. May, as to jurisdiction correct, and we also are of the opinion, that the statutory remedy by advertisement and sale is merely cumulative, and in no respect affects the proceedings of a court of chancery. In other words, the clause in the mortgage referred to, is merely a license to the mortgagee to sell the premises for the payment of his debt. If he chooses that remedy, the equity of redemption will expire by the limitations which the party himself has prescribed. If he chooses the other mode of procedure, the court will proceed according to the established rules of law. The mortgagor has chosen to restrict his prescribed term for redemption to a contingency, the occurrence of which is left to the option of the mortgagee. If he had desired to reserve for it a wider scope he should have done so in the instrument which he executed. The law in relation to mortgages and the proceedings incidental to their foreclosure, are as much a part of the contract, as the statutory provision referred to. By prescribing a term of redemption in the latter and not in the former, he must be deemed to have confined it to the contingency expressed, " *expressio unius, exclusio alterius.*"

It is very possible, and to my mind is quite pro-

bable, that exact justice between the parties is not done by this decree. That the machine was defective, and greatly inferior in quality and capacity, seems to be established. The defendant may have been remiss in not giving notice to the complainants of its failure before the 4th of January, 1850. Yet it is apparent, that he is compelled to pay the full price for an article, which has turned out to be of far less value. But we are bound to adjudicate upon the case as the pleadings and evidence present it.

The decree of the Circuit Court must therefore be affirmed.