## PERGAMUS G. AMES, Complainant, Appellee,

### vs.

## IRA L. AMES et ux., Defendauts, Appellants.

APPEAL IN EQUITY FROM DANE CIRCUIT COURT.

In a bill of foreclosure, the bill prayed for a decree of foreclosure and sale, and for the payment of the amount due for principal and interest, and for general relief. On the hearing, it appeared that no principal was due, but interest only. Held, that a decree for the amount of interest due was regular and proper, and not inconsistent with the prayer of the bill.

Where the defendant had made default in the payment of an installment due on a mortgage, and the complainant had taken a decree simply for the amount due, instead of a decree for the whole amount to be afterwards enforced by order on the happening of another default; Held, that the defendant could not object to the decree, because it was more favorable to him than the facts would have warranted.

BILL of foreclosure of a mortgage given by the defendants to Nathaniel Ames to secure the payment of a promissory note for $184.94, on or before the 3d day of March, 1856, with lawful interest annually, dated March 3, 1851.

The bill was filed August 31st, 1854, and alleged that the mortgage had been duly assigned to the complainant, and that the whole sum, $184.94, was due and unpaid, and prayed a decree of the amount due, and sale of the mortgaged premises.

The defendants answered, admitting the execution of the note and mortgage, as alleged in the bill, but averring that before the assignment, if the same had been assigned, or before any notice of such assignment, the said note and mortgage had been fully paid and satisfied; and denied that the amount was due and unpaid. The answer was under oath. General replication.

The cause was brought on for hearing at the November term, A. D. 1855, when the complainant introduced in evidence a note dated March 3, 1851, made by the defendants to Nathaniel Ames or bearer, for $184.94, payable on or before the 3d day of March, A. D. 1856, with lawful interest to be paid annually; also the mortgage set forth in the bill.

By agreement of counsel, the same testimony which was introduced in the preceding case was submitted in this.

After the hearing of the evidence and the arguments of counsel, the court made the following decree:

"This cause came on to be heard upon the pleadings filed and the proofs taken therein, and Mr. Geo. B. Smith of counsel for the complainant, Mr. J. G. Knapp of counsel for the defendants, having been heard, and on inspection by the court of the note and mortgage filed herein, from which it appears that there was on the 10th day of November, A. D. 1855, due to the said complainant for interest the sum of sixty dollars and sixty-three cents; it is adjudged and decreed, and this court by the authority therein vested, does adjudge and decree, that there was on the 10th of November, A. D. 1855, due to the said complainant on said note and mortgage for interest, the sum of sixty dollars and sixty-three cents, as above reported and testified."

\* \* \* \* "And it is further ordered and decreed, that if the moneys arising from said sale are insufficient to pay the amount so reported due to the complainant, with interest and cost aforesaid, that the said Andrew Bishop, sheriff as aforesaid, specify the amount of such deficiency in his report of the sale; and that on the coming in and confirmation of the said report, the defendant Ira L. Ames, who was personally liable for the payment of the debt secured by the said mortgage, pay to the complainant the amount of such deficiency, with interest at the rate of seven per cent. per annum, from the
and that the complainant have execution therefor."

The decree ordered a sale of the premises, and described them, from which the defendants appealed.

*Knowlton, Knapp & Frink*, for the defendant in error.

*Smith & Keyes*, for the plaintiff in error.

*By the Court*, COLE, J. The bill in this case, was filed to foreclose a mortgage given by Ira L. Ames and wife, to Natha-

niel Ames, to secure the payment of a note for $184.94 on or before the 3d day of March, 1856, with lawful interest annually. The mortgage and note were duly assigned to the complainant. At the time of filing the bill the principal sum was not due. The bill prayed that the usual decree might be made for the sale of the mortgaged premises, and for the payment of the amount due complainant for principal and interest upon the note and mortgage and costs, &c., and also for general relief. The Circuit Court adjudged and decreed that the sum of $60.63 interest was due upon the note and mortgage, and directed a sale of so much of the mortgaged premises as should be sufficient to pay that sum and costs.

It is objected that the relief granted was inconsistent with that prayed for in the bill. As has been stated, the bill prayed for a sale of mortgaged premises, and for the payment of the amount due the complainant, principal and interest, and for general relief. Upon the hearing, it appeared that no principal was due; that the relief prayed for, extended to and embraced more, than the complainant showed himself entitled to. Could not the court give the complainant less than he asked for? Suppose at the hearing it had been found, that the principal of the note was due, but that the interest had been paid, can it be contended that a decree could not be made under this bill for the amount due? It would undoubtedly have been competent for the court to grant this relief, under the prayer for general relief, as it was agreeable to the case presented by the bill, and was not inconsistent with the specific relief prayed.

Still another objection has been taken to this decree. It is insisted that it is not in conformity to chap. 84, R. S. The proper practice in the present case under this statute, was for the Circuit Court to have adjudged and decreed the amount actually due the complainant upon the note and mortgage set forth in the bill; and also to have adjudged the amount secured by and unpaid upon said note and mortgage at the date of the decree; and to have entered a decree of foreclosure and sale for so much of the mortgaged premises as would be sufficient to raise the amount actually due, interest and costs, which could

be sold separately without material injury to the parties interested; and a further decree of sale to be enforced by a subsequent order of the court, upon a default in the payment of any portion or installment of the principal or of any interest thereafter to become due. *Rev. Stat.* § 87. If there should be any default by the mortgagor subsequent to the decree, the court could upon application of the complainant, by a further order founded upon such decree, direct a sale of so much of the mortgaged premises under the decree, as would be sufficient to satisfy the amount due. *Sec.* 87–88. The complainant has not thought proper to take such a decree, but only one for the amount actually due at the time it was taken. He was entitled to a more favorable one, but as he does not complain of the one rendered, the appellant ought not to object because the court did not grant one more advantageous to his adversary. If the appellee makes no application for a modification of this decree, it must be affirmed, with costs.

The other points raised in this case have already been sufficiently considered in the previous case.