## Case No. 5,160.

### FURBISH v. SEARS.

[2 Cliff. 454.] [1]

Circuit Court, D. Massachusetts. May Term, 1865.

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

C. T. & T. H. Russell, for demandant.
John S. Abbott, for tenant.

CLIFFORD. Circuit Justice. Undoubtedly it is competent for the court to look at the situation of the parties, and the surrounding circumstances, in order to ascertain the true intent and meaning of a written instrument. Wilson v. Troup, 2 Cow. 200; Barreda v. Silsbee, 21 How. [62 U. S.] 147.

Viewed in the light of that principle, I have no doubt that the mortgage, after the party of the second part made the election and gave the notice, became a security for the faithful performance of the second agreement just as effectually as if the same had been fully set forth in the mortgage deed; or, in other words, it is a mortgage to secure the conditions and stipulations of the second agreement. Among the conditions and stipulations, was one for the payment of certain semi annual instalments of $2,000, annexed to which is the following condition: "provided in case two of such semi-annual instalments shall be due and remain unpaid, said party of the first part is hereby fully authorized and empowered to sell at public auction said security," giving thirty days' previous notice, &c., as therein required, the proceeds therefrom to be applied to the payment of the instalments overdue and unpaid. But the instrument further provides that, "if at any time after such disposal of the mortgage security, any other instalment shall become due, and remain unpaid ninety days from the date it becomes due and payable, the agreement shall become null and void, and no further obligatory in any way on either party."

The second proposition of the tenant is, that by the true construction of the agreement, if he paid the $5,000 in advance, and gave up the mortgaged property, he was to be relieved from all further liability on the contract. Consequently he insists that judgment should be entered for the tenant, inasmuch as he has paid $5,000, and the demandant may appropriate the mortgage security under the power of sale. The authority conferred however is an authority to sell the mortgage security, and it is very doubtful whether it can be lawfully exercised without selling the debt as well as the land; but it is unnecessary to decide that point, as I am clearly of the opinion that the power to sell, in this case, is only a cumulative power, and does not deprive the party from foreclosing the mortgage in the usual manner. 1 Hill. Mortg. (3d Ed.) 129; Walton v. Cody, 1 Wis. 420; Burdick v. McVanner, 2 Denio. 170; Shaw v. Norfolk Co. R. Co., 5 Gray. 181; Eaton v. Whiting. 3 Pick. 491. The parties agree that there has been a breach of the condition of the mortgage, if it secures the second contract.

Pursuant to the agreement of the parties, a conditional judgment for possession is to be entered for the demandant, according to the law of the state and the practice of this court. Unless the parties otherwise agree, the cause must be referred to an assessor to determine the amount of the conditional judgment.