SCHEIBE, Respondent, vs. KENNEDY, imp., Appellant.

*November 7 — December 1, 1885.*

FORECLOSURE OF MORTGAGE. *(1, 2) Breach of condition by failure to pay interest: Terms of note imported into mortgage. (3) Prayer for excessive relief: Demurrer.*

1. A mortgage may be foreclosed for the breach of a condition thereof by failure to pay interest on the debt secured, although the mortgage itself does not provide for such foreclosure.
2. Where a mortgage is conditioned for the payment of a certain sum, with interest, "according to the tenor of" the note to secure which the mortgage was given, the terms of such note are imported into the mortgage, and a failure to pay interest as provided in the note is a breach of the condition.
3. In an action to foreclose a mortgage the complaint, if sufficient to maintain the action, is not demurrable because the relief demanded is greater than or different from that to which, upon the facts stated, the plaintiff is entitled. *Basse v. Gallegger*, 7 Wis. 442, distinguished.

APPEAL from the Circuit Court for *Waupaca* County.

The following statement of the case was prepared by Mr. Justice TAYLOR, as a part of the opinion:

This is an appeal from an order overruling a demurrer

by the defendant to the complaint in the action. The action is brought to foreclose a mortgage upon real estate. The mortgage was given to secure the payment of a promissory note for $600, bearing date on the 6th of December, 1883, and payable on or before three years after the date thereof, with interest from date until paid at the rate of seven per cent. per annum, payable annually.

The condition of the mortgage, as set out in the complaint, is as follows: "That if the said mortgagors, their heirs, executors, administrators, or assigns, should well and truly pay, or cause to be paid, to the said mortgagee, his heirs, executors, or assigns, the said sum of six hundred dollars according to the tenor of said note, to secure which said mortgage was given as aforesaid, then the said note and the said mortgage should cease and be null and void."

The complaint set out two other conditions alleged to be contained in said mortgage, viz.: (1) It was expressly agreed that the mortgagors should not sell, convey, or dispose of said premises until the mortgage was fully paid and satisfied, and that in case they did so sell, etc., then said note should become due even at any time before maturity, and said mortgage may be foreclosed as though it were due. (2) An express agreement on the part of the mortgagors to keep the buildings on the mortgaged premises insured for the benefit of the mortgagee. The plaintiff does not, however, upon this appeal claim any benefit of this last condition, as he freely admits there is no sufficient breach of that condition set out in the complaint.

The complaint sets out a breach of the conditions, as follows: "That the mortgagors have failed to comply with the terms of said note and the condition of said mortgage by failing and neglecting to pay the sum of forty-two dollars, interest money for one year, which became due and payable on the 6th of December, 1884; . . . and by,

: failing and neglecting to comply with the terms and conditions of said mortgage in selling, conveying, and disposing of said mortgaged premises without the consent of this plaintiff." The plaintiff demands judgment for the whole amount due the plaintiff on said note and mortgage, namely, for the sum of $600, with interest on said sum from the 6th day of December, 1883, with costs and disbursements and a reasonable and customary sum of money as solicitor's fee, as stipulated in the mortgage. The above statement of the allegations of the complaint is sufficient for understanding the objection made to the same by appellant on the hearing in this court.

· *P. V. Lawson*, for the appellant.

For the respondent there was a brief by *F. M. Guernsey*, attorney, and *J. C. Gregory*, of counsel, and oral argument by *Mr. Gregory*.

· TAYLOR, J. The learned counsel for the appellant insists (1) that, as the complaint demands a judgment of foreclosure and a sale of the mortgaged premises to pay the whole amount of the note and interest, with costs, etc., it should be held bad upon a general demurrer, if the facts set out in the complaint do not entitle the plaintiff to such judgment; (2) that the facts alleged do not make out a case for the judgment demanded; (3) that the plaintiff cannot maintain an action to foreclose this mortgage because of the nonpayment of the interest due on December 6, 1884. It was not claimed with much confidence on the part of the counsel for the respondent, upon the argument in this court, that the facts set out in the complaint were sufficient to entitle the plaintiff to a judgment of foreclosure for the whole amount of the note and interest to secure the payment of which the mortgage was given, and for the purposes of the decision of this appeal we shall assume that, upon the facts

alleged, it is not made to appear that the whole amount of the note and interest was due according to the terms of the mortgage when the action was commenced.

The complaint, however, does allege that one year's interest on the note was due and unpaid when the action was commenced, and sets up that fact as a breach of the condition of the mortgage in the following language: "That said defendants [the mortgagors] have failed to comply with the terms of said note and the condition of said mortgage by failing and neglecting to pay the sum of forty-two dollars, interest money for one year, which became due and payable on the 6th day of December, 1884." This is an express allegation of a breach of one of the conditions of the mortgage by a failure to pay a part of the debt secured to be paid, and is sufficient in itself to authorize the commencement of an action to foreclose the mortgage, in the absence of some agreement in the mortgage which prohibits such foreclosure for that breach.

The rule is that the foreclosure of a mortgage may be commenced when any condition of the mortgage is broken by the nonpayment of any part of the debt secured thereby, when the same becomes due and remains unpaid. Coote on Mortg. 1018; *Holles v. Wyse*, 2 Vern. 290; *Gladwyn v. Hitchman*, id. 135; *Edwards v. Martin*, 25 Law J. Ch. 284; 5 Bac. Abr. 730, 731; *Bank v. Chester*, 11 Pa. St. 290; *Adams v. Essex*, 1 Bibb, 149; *Richards v. Holmes*, 18 How. 143, 146; *Ames v. Ames*, 5 Wis. 169; *Manning v. McClurg*, 14 Wis. 350. The statute of this state clearly contemplates the right of the mortgagee to foreclose his mortgage when any part of the debt secured becomes due and remains unpaid, and fully protects the rights of the mortgagor in such case by allowing him to bring into court the amount then due, with costs, and have the action dismissed, and after judgment all proceedings on the same may be stayed by bring-

ing into court the amount due, with costs. R. S. 1878, secs. 3157, 3158. The only case cited by the learned counsel holding a contrary rule is *Brodribb v. Tibbets*, 58 Cal. 6. This case seems to have been decided upon the theory that, in order to allow the foreclosure of a mortgage for the non-payment of interest, there must be an express stipulation in the mortgage to that effect. No authorities are cited to sustain the ruling of the court, and we think it is wholly unsupported by the authorities.

In order to give a court of equity the right to maintain an action to foreclose a mortgage it is not necessary that the mortgage itself should provide for such foreclosure. The right to maintain the action, as stated above, arises out of the fact that the mortgagor has failed to perform the conditions of the mortgage by paying the debt secured thereby in the manner and at the time or times agreed upon in the mortgage. This must be so; otherwise the many decisions of this court which hold that an absolute deed, given in fact as security for the payment of a debt due from the grantor to the grantee, may and must be foreclosed as a mortgage, should be overruled; as, in such case, there is no provision in the deed, or even an agreement by parol, that, in case of the failure to pay the debt secured, the grantee in the deed may foreclose the same in equity. See *Walton v. Cody*, 1 Wis. 431, 433, and many other cases cited in the note to that case.

It must be deemed settled as the law of this court that, in the absence of an agreement to the contrary, a mortgagee may maintain an action to foreclose a mortgage when there is any breach of the condition of the mortgage by a neglect or refusal on the part of the mortgagor to pay the debt secured at the time or times when the same became due and payable.

If the complaint in the case at bar shows a breach of the

condition of the mortgage in not paying the year's interest when due, then it states a good cause of action, and the demurrer was properly overruled.

It is claimed by the counsel for the appellant that, as the condition in the mortgage does not on its face show that the interest on the note secured thereby was payable annually, it does not appear that there has been any breach of the condition by the nonpayment of such annual interest. The condition as set out in the complaint is "that if the mortgagors, etc., should well and truly pay or cause to be paid to the said mortgagee, etc., the said sum of six hundred dollars, according to the tenor of said note, etc., then said mortgage should cease and be null and void." In the previous part of the complaint the note itself is set out, which shows that the interest thereon was payable annually at the rate of seven per cent. per annum. The allegations, taken together, show clearly that the condition of the mortgage was broken by the failure to pay the year's interest past due. If it were admitted that the condition of the mortgage was to pay $600, and the interest thereon according to the tenor of a note given by the mortgagor to the mortgagee bearing even date with the mortgage, such a condition would import the note into the mortgage for the purpose of determining what the exact condition was. In *Richards v. Holmes*, 18 How. 143, the court says: "It was argued that the trust deed does not describe the note as bearing interest, and consequently that the subsequent incumbrancer has a right to insist that, as against him, there was no power to sell for the nonpayment of such interest. It is true, the deed does not purport to describe the interest which is to become due on the note; but it clearly shows that it bore interest at some rate and payable at some time or times, and this was sufficient to put a subsequent incumbrancer on inquiry as to what the rate of interest and the time or times of its payment were. The deed in effect de-

clares that its purpose is to secure the payment of such interest as has been reserved by the note, the amount and date and time of payment of which are mentioned. We do not think the mere omission to describe in the deed what that interest was to be, is a defect of which advantage can be taken by the defendants." The reasoning of the court in that case is quite satisfactory. If the condition of the mortgage in the case at bar does not show on its face that the interest on the note was payable annually, yet if it shows that the note was to draw interest, and the condition is to pay according to the tenor of the note, and the note itself shows that the interest is payable annually, then the condition of the mortgage is broken by the nonpayment of the interest when it becomes due, and the right to maintain an action of foreclosure is perfect.

But it is further insisted by the learned counsel for the appellant, because the plaintiff attempted to set out in his complaint other breaches of the conditions of the mortgage, which, if perfectly set out, would have shown that the whole amount of said note, including the interest, was due and payable at the time of the commencement of the action, and having asked judgment for the foreclosure of the mortgage for the whole amount of the note, including the interest, the complaint ought to be held bad upon a general demurrer unless the facts alleged show that the plaintiff is entitled to foreclosure for the whole amount. The counsel for the appellant relies upon the case of *Basse v. Gallegger*, 7 Wis. 442, as sustaining his objection to the complaint in this case. By an examination of the case of *Basse v. Gallegger* it will be found that, although there had been a demurrer to the complaint because it did not state a cause of action, the demurrer had been overruled by the court below, and a final judgment rendered foreclosing the mortgage for the whole sum due and ordering a sale of the mortgaged premises for the payment of the whole amount

of the secured debt. The appeal was from the final order for the foreclosure and sale. On the hearing in this court it was held that the facts alleged in the complaint and the proofs in the case failed to show that any part of the principal of the secured debt was due. The judgment appealed from was necessarily erroneous, and was reversed. In the opinion the court say that the demurrer should have been sustained, notwithstanding the complaint showed upon its face that a portion of one year's interest remained unpaid when the suit was commenced. Although, as the case was presented to the court upon the appeal from the final order of foreclosure and sale for the whole amount of the secured debt, it was not, perhaps, absolutely necessary to a reversal of the judgment that the order overruling the demurrer should have been reversed, yet upon the allegations of the complaint in that case the demurrer did in fact fairly present the question as to the sufficiency of the complaint, for the reason that it was nowhere alleged in the complaint that the nonpayment of the interest was a breach of the condition of the mortgage upon which the plaintiff relied as a ground of his right to foreclose the same. The allegation that the interest remained unpaid in that case was not made for the purpose of showing a breach of the condition of the mortgage, but for the purpose of showing that the whole sum secured by the mortgage had become due because of the nonpayment of such interest, and then demanded judgment of foreclosure for the whole amount secured. As the court held that the plaintiff was mistaken in his claim that he could maintain an action to foreclose for the whole sum secured by the mortgage, and as that was in fact the only cause of action stated in his complaint, the demurrer was properly sustained.

In the case at bar the plaintiff has expressly alleged, as a breach of the condition of the mortgage, that one year's interest on the note was due and not paid when the action

was commenced. This was not alleged as a fact upon which to base a claim that the whole sum secured by the mortgage was due, as was done in the case above cited, but as a substantive ground for the maintenance of his action. Had the plaintiff relied solely upon the breach of the conditions in the mortgage which would have entitled him to foreclosure for the whole sum secured, he might have omitted entirely the allegation of the breach of the condition as to the nonpayment of the interest, as will be seen by an examination of the conditions of the mortgage as set out in the complaint. The action being an action to foreclose a mortgage, and the facts alleged in the complaint being sufficient to maintain the action, it is not subject to a demurrer because the relief demanded in the prayer for judgment is greater or different than that to which the plaintiff is entitled upon the facts stated. *Ames v. Ames*, 5 Wis. 169; *State v. Smith*, 14 Wis. 565, 568; *Tewksbury v. Schulenberg*, 41 Wis. 584; *Moritz v. Splitt*, 55 Wis. 441; *Bronson v. Markey*, 35 Wis. 98.

The complaint clearly states facts constituting a cause of action for the foreclosure of the mortgage set out in the complaint, and the demurrer was therefore properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.