*Livengood* vs. *Shaw.*

## LIVENGOOD vs. SHAW.

1. It is sufficient in an affidavit for an attachment to state that the defendant " is indebted," &c., omitting the word " justly."

2. Amendments ought not to be permitted to pleas in abatement to the affidavit in an attachment, after being held bad on demurrer.


### ERROR to Jackson Circuit Court.


HICKMAN & WELLS, *for Plaintiff, insist:*

1st. The affidavit is defective. It does not swear as to the proper point of time. It does not identify the debt. It does not say, it is justly owing.

2nd. The defendant's pleas are good, because the affidavit is bad ; it relates to the existence of the facts necessary to furnish good reason.

3rd. The defendant ought to have had leave to amend his plea.

4th. The Court ought to have decided the motion to strike out counts.

5th. The judgment ought to have been arrested, because, three of the counts were inconsistent with the affidavit, and the verdict may have been for money, and not goods. The declaration is bad. The fourth count is bad.


HAYDEN *for Defendant.*


McBRIDE, J., *delivered the opinion of the Court.*

Benjamin Shaw brought his action of assumpsit against Samuel C. Livengood in the Jackson Circuit Court. The declaration contained two money counts, and one count for goods and chattels, horses, harness, &c., sold and delivered by plaintiff to defendant. At the date of the filing of the declaration, the plaintiff also filed his affidavit, upon which an attachment issued against the goods and chattels and real estate of the defendant, and which was subsequently levied by the Sheriff on some horses, harness, &c., as the property of the defendant : garnishees were likewise summoned.

On the return day of the process, the plaintiff asked and obtained leave of the Court to file an amended or new affidavit, thereupon the defendant filed his plea in abatement under the statute putting in issue the truth of the facts stated in the affidavit. R. C. 1845, p. 139, §25. To this plea the plaintiff filed a demurrer, which was sustained by the Court, and the defendant excepted. The defendant then moved the Court for leave to amend his plea in abatement, which the Court refused, and he excepted. He then filed his plea of non-assumpsit to the action. At some, perhaps, previous stage of the proceedings, the defendant filed his motion, or made a motion (the record states that there is no motion on file,) to dissolve the attachment, because the affidavit is

insufficient, which motion was overruled by the Court, and the defendant excepted. The defendant then filed his motion to strike out the two first counts in the plaintiff's declaration, because the cause of action set forth in the plaintiff's affidavit is not applicable to those counts. This motion appears not to have been disposed of by the Court. At a subsequent term, a trial was had, which resulted in a verdict and judgment for the plaintiff, whereupon the defendant moved in arrest and for a new trial, which having been overruled by the Circuit Court, he excepted, and has brought the case here by writ of error.

The first question in the regular order of proceedings, presented by the record, is as to the sufficiency of the amended affidavit filed by the plaintiff. The motion made by the defendant on this point not being in the record, we are unable to know upon what grounds, or for what reason he asked the Court to declare the affidavit bad and insufficient. A party asking the action of the Court, upon a question presented by himself, should set out fully and clearly the reasons upon which he predicates his application, as it is upon those alone the Court is presumed to act. Other causes may, in truth, exist, and escape the vigilance of the Court, unless the counsel point them out, and a reversal for such cause would not comport very well with the spirit of the thirty-second section of the act to regulate practice in this Court, (R. C. 1845, p. 906,) which provides that "no exception shall be taken in an appeal or writ of error to any proceedings in the Circuit Court except such as shall have been expressly decided by such Court."

It may be urged, however, that the Court has directly decided that the affidavit is sufficient by overruling the defendant's motion to quash, but the practice of the Courts is to require parties making motions, to do so in writing, and to set down their reasons. If in doing this the party assigns errors which do not exist, either in law or in fact, the Court might very properly overrule the motion, and in so doing, could only be said to have decided upon the sufficiency of the reasons set forth in the motion, and correctly decided, notwithstanding there might be substantial defects in the affidavit. A party should truly set out his reasons in his motion, otherwise the reasons set out may withdraw the attention of the Court from the defects that really exist, thereby superinducing an oversight, and mislead the Court.

But waving these considerations for the present, we will direct our attention to the supposed defect in the affidavit, to which we have been directed by counsel here.

The affidavit alleges that the defendant is *indebted*, &c., omitting the

word *justly*, as prefixed in the statute to the word *indebted*. The only difficulty which we have in the construction of this statute arises out of the fact that the proceeding has been considered a summary one in derogation of the common law, and therefore should be strictly construed; or in other words, it should be construed most favorably for the benefit of the debtor, and that the creditor should bring himself fully within the requisitions of the law before he is entitled to the benefit of its provisions. Whilst the Courts have been thus disposed to restrict and circumscribe the remedy given by the statute, it has continued from its first enactment to grow and increase in legislative favor, and so frequent has the practice become in the country to sue by attachment, that it may now be considered quite a common remedy for the collection of debts.

Such being the facts, it would appear to be the duty of the Court to continue the legislative will, so as to give it effect, and at the same time promote the ends of justice. Acting under this principle we see no sufficient reason justifying us in the belief that it was intended by the Legislature, in the use of the word *justly*, to qualify the term indebted. According to the common legal acceptation of the term *indebted*, it means *justly* indebted, legally indebted, indebted according to law; and the superadding of the term *justly* does not therefore qualify or restrict the word indebted. If we are correct in this, then the omission of the word *justly* is not material, and does not render the affidavit defective.

Did the Court err in refusing leave to the defendant to amend his plea in abatement to which a demurrer had been sustained? It is suggested that the plea authorized by the statute (R. C. 1845, p. 139, §25,) is not strictly a plea in abatement, but is what the statute denominates it, *a plea in the nature of a plea in abatement.* If the plea partakes of the essence, essential qualities or attributes of a plea in abatement, there is no reason why it should not be governed by the same principles, subject to the same rules, and liable to the same consequences. If not so classified, we should be at a loss to know where to put it, how to regard it, or by what rule of pleading it is to be regulated. It must then be regarded as a plea in abatement, and being adjudged bad on demurrer, the Court properly refused leave to amend it.

The next point for consideration is the failure of the Circuit Court to dispose of the defendant's motion to strike out the two first counts in the declaration. These were money counts. The affidavit charged the indebtedness of the defendant to be for goods and chattels, sold and delivered by the plaintiff to the defendant, and were, therefore, inapplicable to the money counts, and the Court should have stricken them out.

But it is not perceived that the defendant has sustained any injury by the omission of the Court. The bill of particulars furnished by the plaintiff set out the cause of action, and the evidence was directed exclusively to the indebtedness therein specified. The omission might have been remedied if it had been discovered in time by a finding for the defendant on the two first counts, but we consider it more a matter of form than otherwise, and not of sufficient importance to authorize us to disturb the judgment.

These being the principal points presented, and not being found for the plaintiff, the judgment of the Circuit Court will be affirmed. Judge NAPTON concurring herein, the judgment of the Circuit Court is affirmed.

Judge SCOTT not sitting.