## SUPREME COURT.

### BANDER agt. BANDER.

To recover *annual* interest upon the *whole principal sum*, payable in instalments; appropriate words must be used, in the note or obligation, clearly to express such intention.

Thus, where a promissory note was made payable as follows: " For value received I promise to pay M. Bander or bearer the sum of $1000, payable in ten annual instalments with use, the first payment to become due on the first day of June, 1848," *held*, that the interest was not payable annually on the whole principal sum, but only on the several instalments as they respectively fell due.

*Montgomery Circuit, December,* 1849. *Trial by the Court.* This suit was brought on a promissory note in the words following: " For value received I promise to pay M. Bander or bearer the sum of $1000, payable in ten annual instalments, with use, the first payment to become due on the first day of June 1848."

March 6, 1847.                    DANIEL BANDER."

YOST & LOBDELL, *for Plaintiff*

L. FORD, *for Defendant.*

PAIGE, Justice.—The only question presented for decision, in this case, is, whether by the terms of the note on which the suit is brought, interest is payable annually on the whole principal sum or only on the respective instalments at the respective times they become due.

A promissory note is, like any other written contract, to be construed in accordance with the intention of the parties as declared by the express words of the note, or as it is deducible by clear and manifest implication from its terms. The force and effect of the note must be determined by its terms and not by proof *aliunde.* And when the operation of a contract is clearly settled by the general principles of law, the parties must be deemed to have entered into the contract in reference to such principles (Thompson vs. Ketchum, 8 *John.* 189; 2 *Cow. & Hill's Notes*, 1460). There is no general principle of law

which requires the interest on notes, bonds, or other written contracts for the payment of money, to be paid annually. Whether the interest is to be paid semi-annually, annually, biennially, or at any other times, must depend altogether upon the agreement of the parties as expressed in the contract. Interest is a mere incident or accessory to the principal debt. It is not a part of the debt. And where there is no express contract to pay interest it can only be recovered as damages for the non-payment of the principal when it becomes due (13 *Wend.* 640–1—per SAVAGE, Ch. J.; 15 *Wend.* 80, In Error—Per CHANCELLOR). In all cases where there is no express agreement to pay interest, if the creditor accepts the amount agreed to be paid in full satisfaction of the principal, without requiring payment of the interest from the time the principal became due, no action will lie to recover such interest (13 *Wend.* 641; 15 *Wend.* 80; 3 *John.* 229; 5 *John.* 268; 3 *Cow.* 87). So where there is no express contract to pay interest independently of the principal, if the demand for the principal is barred the accessory falls along with it (Hollis vs. Paline, 2 *Bing. N. C.* 713; Tindal, C. J). And if a party pays the principal of a debt barred by the statute of limitations, such payment does not revive the claim for interest thereon (4 *Bing.* 315). On contracts for the payment of money, which contain no express agreement for the payment of interest, interest is only recoverable from the time the principal debt falls due (7 *Wend.* 109; *Chit. on Bills*, 678; 15 *Wend.* 310).

And if the contract contains an agreement for the payment of interest but is silent as to the time when it is to be paid, the interest is not payable until the principal debt becomes due. This is undeniable upon principle, and is apparent from the cases (2 *Mass.* 568; 3 *Mass.* 221; 1 *Bouv. L. Dic.* 700, *tit. Int.*; 4 *Esp.* 147; Blake vs. Lawrence; Catlin vs. Lyman, 16 *Vern.* 45). There is nothing in Blake vs. Lawrence which countenances the idea, that interest upon a note like the one in this case, is payable annually on the whole principal. In that case the note was payable by instalments of ten pounds every three months, and in default of payment of any instalment the whole was to be payable immediately. Lord Ellenborough held, that as on default of payment

of any instalment, the whole amount of the note became due, there was no severance as to time, with respect to the debts becoming payable, and as by the first default the whole became one debt, interest became payable from that time.

In this case, the interest is not by the terms of the note made payable on the whole principal sum annually. If the words payable " in ten annual instalments" had been omitted and the words "ten years,".or words expressing any other period of time had been substituted, there would have been no ground for insisting that the interest on the whole principal sum of the note was payable annually. In that case the interest would not have been payable until the principal fell due. If the parties had intended that the interest on the whole of the principal debt should be paid annually, they ought to have expressed such intention by the use of appropriate words. If the parties had inserted after the word " use" the words " on the whole principal sum, to be paid annually," such intention would have been clearly manifested. I think that the words " with use," which convey the same meaning as " with interest" refer to the words " payable in ten annual instalments," the last antecedent; and that the true interpretation of the note is, that interest was to be payable on the several instalments as they respectively became due, and not annually on the whole principal sum remaining unpaid. If the words " with use" referred to the principal sum, a different construction could not be given to the note, as they are not followed by appropriate words declaring that the interest should be paid annually; or by words from which the intention of the parties, that the interest should be so paid, could be clearly inferred. The principle that the interest on a promissory note, payable with interest, is not payable until the principal becomes due, where the note is silent as to the time when the interest is to be paid, must control the construction of the note in this case. The note in question contains no words declaring when the interest shall be paid, and as there is no rule of law which requires interest to be paid annually where the parties have omitted to declare when it shall be paid; I must decide that the interest on the note is not

payable annually on the whole principal sum; but only on the several instalments as they respectively fall due. If this construction is not in conformity with the actual agreement of the parties which was made and intended to be carried into effect when the note was given, the remedy of the plaintiff is by an application to the equitable jurisdiction of the Supreme Court to reform the note, so as to make it correspond with the agreement which was actually made in relation to the interest (15 *Wend.* 82).

Judgment must be entered in favor of the plaintiff for the amount remaining unpaid of the instalments of the note which have already become due, with interest on the same up to this day.