THOMAS GUCKIAN *vs.* ROBERT NEWBOLD.

PROVIDENCE—FEBRUARY 12, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Promissory Notes. Demand Notes Overdue for Purposes of Negotiation.*

Opinion in *Guckian* v. *Newbold*, 23 R. I. 553, affirmed.

PER CURIAM. The court is of opinion that the plaintiff shows no reason for a re-argument.

The principal ground upon which the motion is based is that he was entitled to the discretion of the trial judge in a ruling whether he should declare the note to be overdue or whether it should go to the jury as a question of fact.

This ground ignores the previous decisions of this court that a demand note which has run a year and a half without demand and without recognition of liability by the maker in any way, such as paying interest on it or otherwise, is to be held to be overdue as a question of law.

The case is clearly within *Atlantic Co.* v. *Tredick*, 5 R. I. 171, in which it was held that such a note was overdue by the mere lapse of time. The same rule was recognized in *Bacon* v. *Harris*, 15 R. I. 599, with the qualification that where the note showed payments of interest beyond the time when it was negotiated it might not be overdue, even though it had run twenty-one months. In that case the payments of interest were disputed, and that question of fact was left to a jury. In this case the trial judge instructed the jury that the note was overdue, and the facts about the note are not disputed. Hence the instruction was right, "Whatever reason may have been given for it." The judge could not have exercised a discretion to leave the question to the jury, for there was nothing on this point for them to pass upon. If it had been so left, and they had found that the note was not overdue, the verdict must have been set aside or the two cases above referred to have been overruled. Upon the question of law this court would follow the opinions of Chief Justices Ames and Durfee, with their associates, rather than the jury. There being no question affecting the maturity of the note to be left to a jury, there was no room for judicial discretion.

The effect of this ruling was simply to hold that the note was subject to the equities in the hands of the plaintiff. The only question for the jury on this point was the consideration, and that was left to them. Their verdict was for the defendant, showing either that there was no consideration, or that the defendant did not sign the note. There was ample evidence to support the finding upon both grounds, but the one most favorable to the plaintiff's motion is that of consideration.

The question whether the consideration for the note was "for the purpose of equalizing their contributions to the

partnership business " was expressly left to the jury and found in the negative, or else that the signature was a forgery. If there was no such consideration, refusals to charge the plaintiff's requests, based upon such consideration, are immaterial and harmless.

A review of the testimony satisfies us that the plaintiff could suffer no prejudice from the irrelevant testimony. The suggestions of possible prejudice in the motion are too remote and inconsequential to lead us to think that any jury, however susceptible, could draw an inference of no consideration for a note simply from the testimony of the cashier of a bank that, in discounting another note, from his knowledge of the financial standing of both maker and endorser, he should say that he gave credit to the endorser.

The motion for a re-argument is denied.

*John W. Hogan*, for plaintiff.

*Henry W. Hayes*, for defendant.