# W. B. CURRY, Respondent, v. A. M. LaFON, Appellant.

### St. Louis Court of Appeals, March 4, 1911.

1. **MORTGAGES: Default in Payment of Part of Debt: Effect of Provision for Maturity of Entire Obligation: Bills and Notes.** A provision · in a mortgage, given to secure the payment of promissory notes, that all of the notes shall become due on the non-payment of any one of them, or the interest thereon, does not affect the dates on which the notes mature, except for the purpose ·of enforcing the mortgage security, if such dates are expressed in the notes themselves.

2. **JUDGMENTS: Bar: Successive Causes of Action: Action on Covenants: Mortgages: Facts Stated.** Plaintiff and defendant executed a mortgage on land owned by them, which provided that if any of the secured notes, or interest thereon, was not paid when due all of them should immediately become due and payable, and the secured notes, becoming due on January 1, 1906, 1907, 1908, respectively, provided that interest should be paid annually, and compounded, if not so paid. Plaintiff purchased said notes from the mortgagee, and defendant afterwards purchased plaintiff's half interest in the land, and covenanted in the deed to pay plaintiff the amount of the notes as part of the price, and .on defendant's failure to pay the notes due in 1906, plaintiff sued on the covenant and recovered a judgment for such notes, with interest thereon. *Held*, that the provision in the mortgage making all the notes payable upon failure to pay any of them when due did not affect the dates when the notes matured, except for the purpose of enforcing the mortgage, the dates of maturity being stated in the notes, so that plaintiff's failure to include the notes due in 1907 and 1908 in his suit on the covenant to recover for the first note due would not bar a subsequent suit on the covenant to enforce payment of the other notes; they not being due when the former suit was brought, so as to require him to include them therein.

3. ———: ———: ———: ———: ———: **Interest on Note Not Due.** Interest on all of the notes for two years having been due when the first suit on the covenant was brought, plaintiff should have included such interest in that suit, and, not having done so, cannot claim for it in a subsequent suit on the covenant to enforce payment of the notes due in 1907 and 1908; interest stipulated in the notes to be paid annually ·

constituting a debt which may be recovered as it falls due, though the notes themselves do not become due until thereafter.

4. INTEREST: Action for, When Note Not Due: Bills and Notes. Interest stipulated in a promissory note to be paid annually constitutes a debt for which an action will lie, although the note itself is not due.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*Barclay, Fauntleroy & Cullen* for appellant.

(1) The only action which plaintiff can maintain is an action on the covenant of assumption. The former action was not an action on a note, but was predicated upon the same covenant sued upon in this action. Curry v. LaFon, 133 Mo. App. 176. (2) Two or more claims already due under the same contract are deemed a single demand which cannot be split without the consent of the obligor. Pettit v. Ins. Co., 69 Mo. App. 320; Morrison v. De Donato, 76 Mo. App. 648; Sham v. Pollard, 84 Mo. App. 286. (3) All sums due on his covenant of assumption at the institution of the former suit, including interest, by virtue of the terms of said covenant constituted one cause of action and the plaintiff was bound to ask for all damages then accrued. He cannot now recover any damages which were due and collectible at the time the former action was institued. Wickersham v. Whedon, 33 Mo. 561; Saul v. His Creditors, 7 Mart. N. S. 425; Faurie v. Pitot, 2 Mart. 83; Harty v. Harty, 2 La. 518; Howe v. Bradley, 19 Me. 31; Clement v. Grant, 2 N. Y. City Ct. 438; Union R. Co. v. Traube, 59 Mo. 355; State v. Ogden, 10 Ark. 326; Love v. Walse, 7 Cal. 250; Whitaker v. Hawley, 30 Kas. 317; Bendernagle v. Cox, 19 Wend. 207; Joyce v. Moore, 10 Mo. 271; Green v. Von Der Ahe, 36 Mo. App. 394; Puckett v. National Annuity Assn., 134 Mo. App. 501.

*J. E. Rieger* and *Robertson & Robertson* for respondent.

Upon the face of the pleadings the respondent is entitled to an affirmance of the judgment. The former judgment in Curry v. LaFon, 113 Mo. App., is a bar to any defense to the notes here sued on. 23 Cyc. 1295 note 78, 79; 23 Cyc. 1183; Edgell v. Sigerson, 26 Mo. 583; Ridgley v. Stillwell, 27 Mo. 128; Cleveland v. Creviston, 93 Ind. 31; Black on Judgments, sec. 750; Paving Co. v. Field, 132 Mo. App. 628; Curry v. LaFon, 133 Mo. App. 163; Gerardi v. Christi, 127 S. W. 635.

NORTONI, J.—This is a suit for damages accrued to plaintiff through two successive breaches of a covenant. The court gave judgment for plaintiff summarily, on motion, and defendant prosecutes the appeal. After defendant's answer was in, the court sustained plaintiff's motion for judgment on the pleadings and awarded him a recovery of the full amount sued for.

It appears plaintiff and defendant formerly owned an equity of redemption in a considerable tract of land situate in Arkansas and while so owning it as tenants in common, they executed a mortgage thereon to one, Sachs, for $5500. This mortgage secured two series of notes of even date therewith which were made jointly by both plaintiff and defendant. The notes were all dated January 1, 1904. Two of them for $1000 each fell due January 1, 1906; and two of them for $1000 each fell due January 1, 1907; and two for $750 each fell due January 1, 1908. All of the notes stipulated for interest at the rate of six per cent, to be paid annually and compounded at the same rate if not so paid. While plaintiff and defendant thus jointly owned the land, plaintiff purchased from Sachs one series of the notes that had been theretofore executed by himself and defendant jointly. The series of notes so purchased by plaintiff from Sachs amounted to $2750 in all as follows: One note of $1000, of date January 1, 1904, due January 1, 1906; one note of $1000, dated January 1,

1904, due January 1, 1907; and one note of $750, dated January 1, 1904, due January 1, 1908, all of which, as before stated, were jointly executed by plaintiff and defendant to Sachs and bore interest at the rate of six per cent per annum, payable annually, to be compounded if not so paid when due. Defendant had knowledge of the fact that plaintiff so purchased and owned the notes above mentioned and afterwards purchased plaintiffs' undivided one-half interest in the Arkansas real estate pledged in the mortgage for their security. It was agreed when defendant purchased plaintiff's one-half interest in such real estate that defendant would pay plaintiff the amounts of said notes as part of the purchase price therefor, and the deed executed by plaintiff to defendant and under which defendant holds title to the lands contains a covenant by which defendant assumes the payment thereof. Upon the first payment falling due, according to the covenant in the deed, defendant declined to pay the amount of the note of $1000 and interest thereon, held by plaintiff, which fell due January 1, 1906, and plaintiff instituted a suit on the covenant in the deed to enforce the same. A recovery was had against defendant in that case and the judgment was subsequently affirmed in this court, as will appear by reference to the case of Curry v. LaFon, 133 Mo. App. 163, 113 S. W. 246, to which reference is made for a more extended statement of the facts. It was determined in the former case that the covenant in the deed was a valid obligation resting on a new consideration and enforcible against defendant notwithstanding infirmities in the note in the first instance, and this, too, though plaintiff's act of purchasing the note might have been declared an extinguishment of the indebtedness evinced therein beyond the right of contribution, under other circumstances. In the present action, the petition counts upon the identical covenant contained in the deed from plaintiff to defendant and by which defendant assumed the payment of the subsequent notes

falling due January, 1907, in amount $1000 and the one falling due January 1, 1908, in amount $750. The non-payment of the two notes mentioned, together with all of the accrued interest thereon from date, is relied upon for successive breaches of the covenant and a recovery is prayed accordingly. By his answer, defendant set forth all of the proceedings had in the former case and denies plaintiff's right of recovery for the successive breaches mentioned because it is averred he should have included the subject-matter of this controversy in the former suit. The former recovery of $1000 and interest thereon is pleaded in bar. Defendant concedes that there may be successive recoveries on successive breaches of a covenant but argues that one may not split his demand. In other words, it is said one must include in his suit all claims then due or forego the right to recovery therefor in the future. Because the pleadings disclose the mortgage held by Sachs on the land as security for the several notes and which, of course, inures to plaintiff's benefit, contained a provision to the effect that if any note or interest thereon was not paid when due, all of said notes should become immediately due and payable, it is argued plaintiff is precluded from maintaining this suit, as he should have included the whole in the former action. The argument touching this matter is unsound under the rule of decision which obtains in Missouri. The cases seem to reflect different views as to the force and effect to be accorded such provisions in the mortgage entered into contemporaneously with the execution of the notes, but the most recent decisions of the Supreme Court control, and the question is without embarrassment. Earlier decisions seem to declare the rule insisted upon by defendant, to the effect a stipulation in a mortgage that all of the notes shall become due on the non-payment of any one of them or the interest thereon is valid for every purpose whatever, so as to render all other notes therein described immediately due in the varying circum-

stances of the cases that may arise. [See Noell v. Gaines, 68 Mo. 649; Wheeler v. Howard, 28 Fed. 741.] But that doctrine no longer obtains in this jurisdiction, at least, for more recent decisions repudiate it *in toto* and declare that such a provision in the mortgage does not affect the date at which a note matures, if it is otherwise expressed in the note itself, as here, except for the purpose of enforcing the mortgage security. [Owings v. McKenzie, 133 Mo. 323, 33 S. W. 802; Westminster College, etc., v. Piersol, 161 Mo. 270, 61 S. W. 811.] The fact that the mortgage provided all of the notes should fall due on the non-payment of any one of them or the interest thereon is therefore wholly immaterial to plaintiff's right of recovery here, for the notes themselves expressly stipulated the date of maturity as above indicated. Though the first note of $1000—the one involved as the measure of recovery in the prior suit—was not paid when due on January 1, 1906, this fact did not render the other notes—those here involved—due in the sense essential to require plaintiff to include them in that suit, for such provision in the mortgage is available only to the end of enforcing the mortgage security and does not operate to render other notes due for the purpose of suit thereon. The non-payment of the two notes—the one for $1000 falling due January 1, 1907 and the one for $750 falling due January 1, 1908—operates successive breaches of the covenant in the deed, for which plaintiff is entitled to recover. But the notes themselves amount to no more in this suit on the covenant than memoranda evincing the measure of recovery, together with the rate of interest and the date at which the breaches of the covenant occur.

However, it is stipulated in all of the notes that the interest thereon at the rate of six per cent was to be paid annually and if not so paid to be compounded. When the prior suit was instituted, there was then accrued and unpaid on the three notes held by plaintiff

the interest from January 1, 1904, at six per cent to January 1, 1906. The interest so stipulated for on the first note of $1000 was included and recovered in that suit. Interest stipulated to be paid annually constitutes a debt then due and subsisting for which a present action will lie, notwithstanding the note itself may not fall due until several years thereafter. [Waples v. Jones, 62 Mo. 441; Rowe v. Schertz, 74 Mo. App. 602; Stoner v. Evans, 38 Mo. 461.] As the interest at six per cent on the notes now involved—the one for $1000 due January 1, 1907, and the one for $750 due January 1, 1908—for the first two years was due and payable at the time of the institution of the prior suit, plaintiff should have included it as well in that action. Not having done so, his right of recovery to that extent should be denied in a subsequent proceeding, and this is true though such interest is the increment of notes not then due. For all of the claims arising from the breach must be included in the action; otherwise their future recovery will be barred. [Puckett v. Ass'n, 134 Mo. App. 501, 114 S. W. 1039; Finnerty v. Hoppe, 150 Mo. App. 515, 131 S. W. 128; Joyce v. Moore, 10 Mo. 273; Black on Judgments (2 Ed.), sec. 735.]

Because of the matter of interest referred to, the court erred in sustaining the motion for the judgment, but aside from this the answer sets forth no defense. Though the answer contains, among other things, a general denial, the facts admitted therein show a complete right of recovery in plaintiff for the full amount sued for, except the interest at six per cent on $1750 to be compounded on January 1, 1905 and accrued to January 1, 1906. The interest due and payable, according to the tenor of the two notes referred to, on January 1, 1906, is to be deducted from the judgment given, for its recovery may not be allowed in this subsequent action. The judgment is reversed and the cause remanded with directions to enter judgment accordingly. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.