ALBERT F. FRYE, Respondent, v. EDWARD LEE SHEPHERD, Appellant.

Springfield Court of Appeals, July 28, 1913.

BILLS AND NOTES: Foreclosure of Mortgage. A note for $4500, payable 5 years after date with interest at the rate of 8 per cent per annum, contained a provision that "if the interest be not paid annually to become as principal and bear the same rate of interest." *Held*, that such provision did not demand an annual payment of interest and the failure to pay such interest annually was not a breach authorizing foreclosure of a mortgage which provided for the sale of the property described therein if the note "should not be paid according to its tenor."

Appeal from Jasper County Circuit Court, Division No. One.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*A. C. Burnett* for appellant.

(1)  If by agreement interest on a note is to be paid annually this constitutes a debt if the parties make it so by their contract.   And where a note provides for compounding interest if not paid when due it is optional with the holder of the note to compound interest or foreclose. And he may foreclose if he desires.   Maples v. Jones, 62 Mo. 440; Rowe v. Schertz, 74 Mo. App. 602.   (2) Where a mortgage provides for a foreclosure if note be not paid according to the tenor and effect, it means any part and default of interest will warrant foreclosure.   Scherbe v. Kennedy, 64 Wis. 564.   (3) Where a note reads "with annual interest" if the interest is not paid annually it becomes a debt and it must be sued for on the mortgage securing the note foreclosed by reason thereof.   Cook v. Wiles, 4 N. W. 169.   (4)   Where parties to a contract have given its terms particular construction, such construction will generally be adopted by the court in giving effect to its provisions.   Welch v. Mischke, 154 Mo. App. 728. (5)   Where language of a written contract is ambiguous the mutual construction given it by the parties is admissible to show their meaning.   The object of interpretation of instruments should be to reach the actual intention of the parties.   Ellis v. Harrison, 104 Mo. 270; Carter v. Foster, 145 Mo. 383; Union Depot Co. v. Railroad, 131 Mo. 305.   (6)   Where contracts are of doubtful meaning the construction given by the parties will be adopted by the courts.   Laing v. Holmes, 93 Mo. App. 231; Craig v. Seybt, 91 Mo. App. 242; Mathews v. Danahy, 26 Mo. App. 660.

*John Dolan* for respondent.

(1)  Where a note, by its terms, is made payable in a given number of years with interest from date at the rate of eight per cent per annum, the interest is

payable, not annually, but at maturity of the note. Koehring v. Muemminghoff, 61 Mo. 403; Ramsdell v. Hulett, 50 Kan. 440, 31 Pac. 1092; Motsinger v. Miller, 59 Kan. 573, 53 Pac. 869; Tanner v. Dundee Land Co., 12 Fed. 646. (2) The use of the words, per annum, in fixing the rate of interest in a promissory note, and the provision therein that *if interest be not paid annually, to become as principal and bear the same rate of interest*, cannot be regarded as a promise to pay interest annually. Motsinger v. Miller, supra; Koehring v. Muemminghoff, supra. (3) Even if appellant was correct in construing such words as a special promise to pay interest annually, his action would be premature, because, where interest is payable annually with an option to the maker to make it a part of the principal in case of default, no action can be brought for it until the principal becomes due. Wood v. Whisler, 67 Iowa, 676, 25 N. W. 847. (4) The words used with reference to the payment of interest were plain and capable of legal construction, and parol evidence to contradict that construction would be improper. If the contract is not ambiguous, the parties must be governed by the contract. Koehring v. Muemminghoff, supra; Ramsdell v. Hulett, supra.

FARRINGTON, J.—This was a suit to enjoin a mortgagee from advertising and selling certain real estate mentioned in a mortgage which had been given by plaintiff to secure his promissory note, which is as follows:

"Joplin, Mo., May 31, 1911.

"Five years after date I promise to pay to the order of Edward Lee Shepherd forty-five hundred no-100 dollars. For value received negotiable and payable without defalcation or discount and with interest from date at the rate of eight per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest. The right

is given to pay any part or all of said note at any time.                                            ·

"Albert F. Frye."                    .

The plaintiff's petition alleged the facts concerning the note and mortgage, and stated that the mortgage contains this provision: "Now, if the said Albert F. Frye, his executor or administrator, shall pay the sum of money specified in said note and all the interest that may be due thereon, according to the tenor and effect of said note, then this conveyance shall be void. But if said note shall not be well and truly paid according to the tenor and effect thereof, then this deed shall remain in force; and the said Edward Lee Shepherd or his legal representatives may proceed to sell the property herein described," etc. ·

It is alleged in the petition that the note is not yet due and payable according to its tenor and effect, but that defendant has caused said property to be advertised for sale on a certain date for the purpose of paying said note. The usual allegations of irreparable damage to invoke equitable jurisdiction are followed by a prayer for injunctive relief, restraining the defendant from selling said property under the mortgage until maturity of the note and default in its payment.

After a hearing, and upon the issuance of a permanent injunction, the defendant appealed. The question for our determination is whether a failure to pay interest *annually* on the note is a breach authorizing foreclosure of the mortgage. Appellant contends that it is, and respondent by a vigorous negative supported by the decision of the learned trial judge, makes the issue. The evidence shows that about thirty days before the expiration of the first year of the note's existence, the payee notified respondent that he expected the interest to be promptly paid; that it was not so paid, respondent saying he applied for an extension of time and was given ten days, at the end of which time he says he went to defendant's office and

asked to see the note, and upon seeing it told the defendant that it was a compound interest note, that it was optional with him whether he would pay the interest until the maturity of the note, and that defendant had no right to sell the property under the note and mortgage. Appellant advertised the property for sale and respondent brought this suit.

The note is unambiguous, and means just what its language imports in plain English. A similar case arose in the State of Kansas in which the note followed substantially the same form as the one in our case (Motsinger v. Miller, 53 Pac. 869). The Supreme Court of that State said: "As will be observed, the note contains no express provision for the annual payment of interest. The promise is to pay the principal and interest two years after date, and the words, 'and interest from date at the rate of six per cent per annum,' cannot be construed to mean that the interest should be paid yearly, but are only a measure for the calculation of interest on the note. In the absence of a specific promise to pay the interest at a different time from that fixed for the payment of the principal, the principal and interest both become due at the same time. [Ramsdell v. Hulett, 50 Kan. 445, 31 Pac. 1092.] The provision in the note that, 'if interest be not paid annually, to become as principal, and bear the same rate of interest,' is not a promise to pay annually. While it apparently gives the promisor an option to pay the interest annually, yet, if he does not pay, he is not deemed to be in default. The only consequence of the maker failing to take advantage of the privilege is that the interest should become principal, and bear the same rate of interest. It did not give the payee any right or authority to enforce the collection of interest, or treat the entire indebtedness as represented by all the notes to be due and payable."

In Koehring v. Muemminghoff, 61 Mo. l. c. 406, the Supreme Court of this State said:

"The language of the note, so far as it is material to its proper construction as it affects this case is: 'Five years after date, I promise to pay to the order of J. H. Koehring, thirty-three hundred dollars. . . . with interest from date at the rate of eight per cent per annum.'

"It is contended by the plaintiff that the language used is properly construed to be a promise by the defendant to pay the interest, on the sum secured by the note, annually, or if this is not the proper construction of the language of the note, then oral evidence was admissible to show that that was the understanding of the parties at the time, by the use of said language.

"We do not agree with the plaintiff in either view of the question as taken by him. Whether the interest accruing on a promissory note should be paid annually, monthly, or at any other specified period, depends in each case upon the contract or agreement of the parties. There is no rule of law independent of any contract to that effect, requiring interest on promissory notes to be paid annually. [Bander v. Bander, 7 Barb. 560, and cases cited.] In the note under consideration, the promise in the note was to pay the sum of money named, 'with interest from date at the rate of eight per cent per annum,' five years after the date of the note. No different time is fixed for the payment of the principal secured to become due by the note. In such a case both principal and interest become due at the same time; in fact the promise plainly is to pay the principal, with the interest, five years after the date of the note. The words 'with interest at the rate of eight per cent per annum,' only fix the rate of interest to be calculated on the note, and have nothing to do with the time that it shall be paid."

In Wood v. Whisler, 25 N. W. (Iowa) 847, it was held that where the notes secured by a mortgage provide that "if interest is not promptly paid annually, the same becomes a part of the principal and shall

bear interest at the same rate of interest," and the mortgage contains a provision that "if default be made in the payment of said sums of money, or any part thereof, principal or interest, . . . the whole amount of the indebtedness shall become due," it is optional with the mortgagor to pay the interest at the end of each year or not, and that a failure to pay interest annually will not authorize a foreclosure of the mortgage.

In Bander v. Bander, 7 Barb. 560, the following language was used: "A promissory note is, like any other written contract, to be construed in accordance with the intention of the parties, as declared by the express words of the note, or as it is deducible by clear and manifest implication from its terms. The force and effect of the note must be determined by its terms, and not by proof *aliunde*. . . . And if the contract contains an agreement for the payment of interest, but is silent as to the time when it is to be paid, the interest is not payable until the principal debt becomes due. This is undeniable, upon principle, and is apparent from the cases. . . . If the parties had intended that the interest on the whole of the principal debt should be paid annually, they ought to have expressed such intention by the use of appropriate words."

In 16 Am. & Eng. Ency. Law, 1071, the rule is stated as follows: "A stipulation for interest at a specified rate per annum does not import a contract to pay interest annually, the term employed only affording a measure for the computation of interest. It has been held, indeed, that a provision in a note, 'if interest be not paid annually to become as principal, and bear the same rate of interest,' is not a promise to pay annually."

In Patterson v. McNeely, 16 Ohio St. 348, the note, payable one year after date, contained the clause, "The above to be at ten per cent interest annually," and it was held that the word "annually," in this con-

nection, is to be understood as relating to, and defining the rate of interest, and is equivalent to the words "per annum," and that the clause is not a stipulation for the annual payment of interest. [See, also, French v. Kennedy, 7 Barb. l. c. 454, Hollywood Union High School Dist. v. Keyes, 12 Cal. App. 172, 107 Pac. 129; Guckian v. Newbold, 23 R. I. 556, 51 Atl. 210; Tanner v. Dundee Land Investment Co., 12 Fed. 646; Kelley v. Whitney, 45 Wis. 110, 30 Am. Rep. 697; Ramsdell v. Hulett, 31 Pac. (Kan.) 1092.]

Appellant relies upon the case of Waples v. Jones 62 Mo. 440. In that case, the notes provided, "with ten per cent interest per annum from date, interest due and to be paid annually, and if not paid annually to be compounded and bear the same rate of interest as the principal." The deed of trust recites this provision in the notes, and then provides that, "if the parties fail to pay the debt, or the said interest or any part thereof, when the same or any part thereof shall become due and payable, according to the true tenor, date and effect of said notes, then the whole shall become due and payable," etc. The contract of the parties in that case was that the interest was to be due and was to be paid annually. The cases we have referred to above recognize the right of contracting parties to make such a contract, and after they had done so, it was the duty of the court to enforce it as written. In the case at bar, giving to the language of the contract its ordinary meaning, the parties have not stipulated for the annual payment of interest. In the construction of a contract, its words must be given their common, ordinary and usual meaning, and when free from ambiguity, there is no room for construction. [Johnson v. Dalrymple, 140 Mo. App. 232, 123 S. W. 1020.] Parol evidence as to the intention of the parties is inadmissible to vary a contract clear on its face. [Johnson County v. Wood, 84 Mo. 489.]

In Cook v. Wiles, 4. N. W. (Mich.) 169, cited by appellant, the language of the notes was entirely different from that used in the note in this case, and although the cases resemble in that in each one the foreclosure was for the nonpayment of annual interest, that case is not parallel to this and is not an authority for our guidance.

In Scheibe v. Kennedy, 64 Wis. 564, 25 N. W. 646, the contract of the parties, as expressed on the face of the note, was that the interest was payable annually.

Indeed, we have gone extensively into the authorities and find that the cases, which on the surface seem to support appellant's theory of this appeal, have some feature which distinguishes them and renders them inapplicable. See, for example, Hooper v. Stump, 14 Pac. (Ariz.) 799, where the note carried interest at the rate of one per cent per month, *payable semi-annually;* Hoodless v. Reed, 1 N. E. (Ill.) 118, where the note bore interest at eight per cent per annum, *payable half-yearly;* Jouett v. Gunn, 35 S. W. (Tex.) 194; Martin v. Land Mortgage Bank, 23 S. W. (Tex.) 1032; Richards v. Holmes, 18 How. 143, 15 L. Ed. 304; Brickell v. Batchelder, 62 Cal. 623. In Fox v. Gray, 75 N. W. (Iowa) 339, the note drew interest at seven per cent per annum, *payable annually,* and if not paid when due to become principal, etc. The court in the opinion distinguished the case of Wood v. Whisler, supra. So, also, in the cases of Rowe v. Schertz, 74 Mo. App. l. c. 605, and Curry v. LaFon, 155 Mo. App. 678, 135 S. W. 511, the notes expressly provided that interest was payable annually.

In the case of Noell v. Gaines, 68 Mo. 649, the same language appears in the note as appears in the note in the present case, to-wit: ". . . and with interest from date at the rate of ten per cent per annum; and if interest be not paid annually, to become as principal, and bear the same rate of interest." The opinion shows that the case was submitted upon an

agreed statement of facts which recited that the notes were secured by a deed of trust, by which, on nonpayment of the interest "to become due annually," or of either note as it should become due, it should have the effect of making both notes due and payable. Before the actual maturity of either note, on account of default in payment of interest "becoming due annually" on said notes, the holder elected to declare the notes themselves due and payable, and sold the land. The question before the Supreme Court was whether, under the agreed statement of facts, the notes matured *according to their face*, or whether such maturity was limited and controlled by the terms of the contemporaneously executed deed of trust. The answer of the court may be ascertained by reading the report; but turn at once to the case of Owings v. McKenzie, 133 Mo. l. c. 336, 33 S. W. 802, and read: "We think the cases of Brownlee v. Arnold, 60 Mo. 79, and Noell v. Gaines, 68 Mo. 649, so much relied on by respondent, are in conflict with repeated adjudications of this court made before and since the rendition of those decisions, in so far as they announce the doctrine that the time for the maturity of the notes when same are secured by deed of trust is to be dominated by the provisions of the deed of trust, and not determined by the face of the notes themselves." And to the case of City National Bank v. Goodloe-McClelland Com. Co., 93 Mo. App. l. c. 136, where the court said: "The cases of Brownlee v. Arnold, 60 Mo. 79; Waples v. Jones, 62 Mo. 443; and Noell v. Gaines, 68 Mo. 649, were expressly overruled by Owings v. McKenzie, 133 Mo. 323, so that the law now prevailing in this State is to the effect that a mortgage is a mere security creating a lien upon the property. The debt secured by the mortgage is the principal thing, and the mortgage the mere incident following the debt wherever it goes and deriv-

ing its character from the instrument which evidences the debt."

The line of decisions first discussed in this opinion states the rule that is sound in principle, the rule that gives parties a right to make their own contracts, and, having done so, secures them against having their acts undone and held for naught; and this rule is equally protective to both lender and borrower.

The judgment was for the right party and is hereby affirmed.   All concur.