## HOBART BRINSMADE, Respondent, v. JAMES BROOKS JOHNSON, Appellant.

### St. Louis Court of Appeals, November 2, 1915.

1. **GUARANTY: Statute of Limitations: Time Statute Commences to Run.** The obligation of one who guarantees the payment of a mortgage bond at maturity is secondary in character, and a cause of action arises on the guaranty when the indebtedness becomes enforceable by action against the primary obligor, at which time the Statute of Limitations, unless tolled, commences to run.

2. **BILLS AND NOTES: Acceleration of Maturity: Statute of Limitations.** The provision of a mortgage, that the entire indebtedness shall become due upon default in the payment of interest occurring, operates to mature the bond secured before the time named for its payment, where it contains a provision to the effect that it is subject to the terms of the mortgage; and the Statute of Limitations commences to run from the time of accelerated maturity.

3. **——: Mortgages and Deeds of Trust: Construction: Notice to purchaser.** Where a bond secured by a duly recorded mortgage recites that it is subject to the terms of the latter, the two are to be read together and enforced accordingly, and a purchaser of the bond takes with notice of the provisions of the mortgage.

4. **GUARANTY: Statute of Limitations: Time Statute Commences to Run.** A contract of guaranty recited that the guarantor guaranteed payment in full at maturity of a designated bond sold by him to the obligee, including coupons, beginning with one due on a certain date, *"as they become due."* The

bonds matured in twenty years, and the interest coupons were payable semi-annually. The bond provided that it was subject to the terms of the deed of trust securing it, and the latter provided that, in case of default in the payment of interest for six months, the trustee might, at the request of the holders of a majority of the bonds, cause the principal to become immediately due and payable, by a declaration to that effect. Such a default having occurred and such a declaration having been made, the trustee sold the property conveyed in the deed of trust. More than ten years thereafter, the obligee brought suit on the contract of guaranty on account of the nonpayment of twenty interest coupons due subsequent to the date specified in the contract. *Held,* that, inasmuch as the bond recited that it was subject to the terms of the deed of trust, the two should be read together, so that the entire obligation matured upon the trustee's making a declaration of maturity, in accordance with the acceleration of maturity clause of the deed of trust, at which time a cause of action arose on the contract of guaranty, and action thereon not having been commenced within ten years, it was barred by the Statute of Limitations (Sec. 1888, R. S. 1909); the words in the contract, "as they become due," comprehending a maturing of the indebtedness under the acceleration clause.

5. **BILLS AND NOTES: Mortgages and Deeds of Trust: Acceleration of Maturity.** Where a negotiable bond or promissory note secured by a mortgage does not provide that it is subject to the provisions of the latter, the provisions of the mortgage for accelerating the maturity of the indebtedness for default in the payment of interest, etc., mature the indebtedness only for the purpose of foreclosure and sale, under the mortgage, and do not mature the bond or note.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED.

*George B. Webster* for appellant.

(1) The plaintiff's cause of action was barred by the Statute of Limitations before his suit was filed. Limitations begin to run when the cause of action accrues (R. S. 1909, sec. 1887), and it accrues when the right to institute a suit for its enforcement first arises. Stark Bros. v. Gooding, 175 Mo. App. 353; Frank v. Organ, 167 Mo. App. 493; Rivard v. Mo. Pac. Ry., 257

Mo. 135; Gray v. Givens, 26 Mo. 291. When the trustee in the bond mortgage, on August 26, 1899, declared the entire issue of bonds and coupons due and payable, in pursuance of the provision of the mortgage referred to on the face of the bonds, a precipitation of their maturity occurred, and a cause of action against this defendant on his guaranty immediately arose. N. Y. S. & T. Co. v. Lombard Inv. Co., 73 Fed. 537; Crump v. Case T. M. Co., 136 Ky. 60; Dougan v. Railroad, 44 N. Y. S. 503; Phelps v. Sargent, 69 Minn. 118; Binz v. Hyatt, 200 Mo. 299; Boyd v. Buchanan, 176 Mo. App. 56. (2) The defendant's guaranty was to pay at maturity, if the Elevator Company did not, and that meant any maturity which by the terms of the bonds or of the mortgage securing them, might occur. The mortgage and bonds and coupons, being parts of the same contract, are to be read and considered together, especially since on the face of the latter there was specific reference to the former, and also a statement that they were issued "subject to all the terms" of the mortgage. Ins. Co. v. St. Mary's Sem., 52 Mo. 491; Waples v. Jones, 62 Mo. 440; Winn v. Lippincott Inv. Co., 125 Mo. 543; McDonald v. Wolff, 40 Mo. App. 302; Houck v. Frisbee, 66 Mo. App. 16; Western Adv. Co. v. Star P. Co., 146 Mo. App. 90; Joy v. St. Louis, 138 U. S. 1; Stadler v. Mo. R. P. Co., 133 Fed. 314; Benjamin v. Railroad, 49 Barb. 441. Hence, though the bonds and coupons bore on their face a definite fixed maturity, yet being subject to the terms of the mortgage, every holder was put on notice that such maturity might be accelerated. When that occurred the plaintiff was bound to sue within ten years. The defendant here is sued as a guarantor, and in that capacity is entitled to invoke the doctrine that the liability of a surety is not to be extended by implication. Shine v. Bank, 70 Mo. 524; Taylor v. Shouse, 73 Mo. 361; Binz v. Hyatt, 200 Mo. 304; Allen v. Bank, 4 Mo. App. 66; McAffee v. Wyck-

off, 89 N. Y. S. 996; Tolman Co. v. Rice, 164 Ill. 225; Caskin v. Savory, 4 Gray 528; Staver v. Locke, 22 Oreg. 519; Mayfield v. Wheeler, 37 Tex. 225.

*Roland M. Homer* for respondent.

(1) An interest coupon or note is not affected as to the date of its maturity by the terms of a deed of trust securing it, declaring that it shall become due on default of payment of another interest coupon or note, except for the purpose of enforcing a mortgage security. Owens v. McKenzie, 133 Mo. 323; Hawes v. Mulholland, 78 Mo. App. 493; Rumsey v. People's Railway Co., 154 Mo. 246; White v. Miller, 19 L. R. A. 673; Westminster College v. Piersal, 161 Mo. 286; McMillan v. Greyson, 83 Mo. App. 432; Curry v. La Fon, 155 Mo. App. 678; Fry v. Shephard, 173 Mo. App. 209. (2) A bond or note secured by a mortgage executed contemporaneously are not to be so far regarded as parts of one contract that the mortgage may be used to qualify or change the express terms of the former. Owens v. McKenzie, 133 Mo. 323; Hawes v. Mulholland, 78 Mo. App. 497; White v. Miller, 19 L. R. A. 673. (3) A guarantor of the payment of an interest coupon or note cannot be held liable before the principal or maker of such an interest coupon or note. Sedalia-Warsaw Ry. Co. v. Smith, 27 Mo. App. 371; Tandy v. Commission Co., 113 Mo. App. 418; Wilkinson v. Hood, 65 Mo. App. 494. (4) A cause of action for the foreclosure of a deed of trust, as separate from a cause of action in a suit upon the note secured by the deed of trust, has been maintained in this State for many years. Prior to the enactment of the ten years' statute regarding deeds of trust, it was possible to foreclose them at any time, although the notes had long been past due and could not be sued upon. Chouteau v. Burlando, 20 Mo. 482; Gardner v. Terry, 99 Mo. 523; Lewis v. Schwenn, 15 Mo. App. 342.

NORTONI, J.—This is a suit on a contract of guaranty assuring the payment of a number of coupons. Plaintiff recovered and defendant prosecutes the appeal.

The petition, in as many counts, declares upon twenty separate coupons, which were originally parcel of bond No. 445 of the Consolidated Elevator Company, duly secured by mortgage on its properties. Defendant admits that he sold the bond with coupons attached to plaintiff and guaranteed payment, but pleads the Statute of Limitations in defense, in the view that the maturity of the debt was. accelerated by virtue of the precipitation clause contained in the mortgage and aptly referred to in the bond. It therefore appears that the important question for consideration relates to the force and effect to be given the provision of the mortgage by which the maturity of the bond is precipitated prior to the due date on the face, because of default stipulated in the mortgage, when it appears on the face of the bond that such provisions are called for therein.

It appears that on September 30, 1897, the Consolidated Elevator Company, a Missouri corporation, executed a series of mortgage bonds in the aggregate sum of $950,000, with appropriate interest coupons falling due semi-annually, stipulating the payment of interest at five per cent. on said bonds. On the same day the elevator company executed a mortgage, or deed of trust, with power of sale, on all of its properties in Missouri and elsewhere, to Julius S. Walsh, trustee, for the benefit of the bondholders and to secure the payment of such bonds. This mortgage was duly recorded in St. Louis, Missouri, and defendant became the owner of bond No. 445 thereunder. This bond, with others of the series, bore forty separate interest coupons of $25 each, maturing, according to the face, every six months, the first of which became due and payable on the first day of July, 1897, and the second on January 1, 1898

and so on thereafter on the first days of January and July of each year until the maturity of the bond, on January 1, 1917. The bond provides on its face that, "This is one of a series of bonds of like tenor and date . . . aggregating the sum of $950,000, duly and legally issued under the authority of the vote of the stockholders of said Elevator Company at an election held for that purpose, on the 23rd day of September, 1897, and equally secured by and subject to all of the terms of a mortgage or deed of trust dated September 30, 1897, executed by said Elevator Company to Julius S. Walsh as Trustee, conveying the property of said Elevator Company, etc."

By article VII of the mortgage, it is stipulated that in case default shall be made in the payment of any interest accruing upon any one or more of the bonds thereby secured according to the terms thereof on any day when the same shall become due and such default shall continue for six months, or in case the Elevator Company shall neglect to pay any tax or assessment levied against its property for a period of six months after the same shall have fallen into arrears, or shall fail to keep its property insured against loss by fire, or shall fail to pay the rent of any leasehold property conveyed in accordance with article III of the mortgage, then, and in any such case, the trustee may enter and take possession, etc.

By article VIII of the mortgage it is provided that, if any such continuous or other default on the part of the Elevator Company as mentioned in article VII thereof, or in case the Elevator Company shall make default in performance of any of the provisions of the indenture, then, and in any such case, if the holders of the majority in amount of the then outstanding bonds secured so elect and shall notify the trustee in writing of such election, "the whole of the principal of all bonds hereby secured or intended so to be and

192 App. 44

then outstanding shall forthwith be declared by the trustee to be and it shall immediately thereupon become due and payable, anything herein or in said bonds to the contrary notwithstanding.''

Article VIII of the mortgage further provides,· ''Upon any sale being made of the premises and property hereby conveyed or intended so to be, either by the trustee under the express power herein conferred or under any judgment or decree for the foreclosure of this indenture, the principal of all the bonds secured hereby or intended so to be then outstanding, if not already due and payable, shall at once become and be due and payable.''

On the tenth day of December, 1897, defendant sold to plaintiff bond No. 445 of the series, with coupons then attached, and as part of the consideration executed and delivered to plaintiff contemporaneously therewith his personal contract of guaranty as follows:

''For value received, I hereby guarantee payment in full at maturity of bond No. 445 of the Consolidated Elevator Company (first mortgage bonds), including coupons, beginning with the one due and payable July 1st, 1899, as they become due.

J. B. JOHNSON.

December 10, 1897.''

It seems the coupons of 1897 and those falling due July 1, 1898 were detached at the time of the sale of the bond by defendant to plaintiff, for the contract of guaranty, in so far as the coupons are concerned, began with that payable July 1, 1899.

Plaintiff duly presented the coupon due July 1, 1899 to the Mississippi Valley Trust Company in St. Louis, financial agent of the Elevator Company, for payment, and it was paid. The coupons due and payable respectively January 1, 1900 and July 1, 1900 were duly presented to the Mississippi Valley Trust Company for payment, and payment thereon was declined, for the Consolidated Elevator Company was

then and thereafter insolvent, and it failed to pay any of the coupons thereafter. Indeed, on the 26th day of August, 1899, the Elevator Company had, for a period of more than six months, been in default in performance of the covenants of the mortgage as to taxes, insurance and the payment of interest coupons, and the trustee, at the request of the majority in amount of all the bondholders, on that date declared all of the bonds and coupons due and payable. On the 24th day of October of the same year, the trustee, after advertisement in accordance with the requirements, sold all of the property described in the mortgage deed of trust at public auction, and distributed the proceeds among the holders of the bonds and coupons thereby secured. Plaintiff, however, presented the two coupons due and payable respectively January 1, 1900 and July 1, 1900, the payment of which had been declined by the Mississippi Valley Trust Company, to defendant and defendant paid the same. None of the coupons thereafter falling due have been paid, and defendant, on demand, declined to pay them.

The suit here declares upon the coupons due and payable respectively January 1, 1901, July 1, 1901, January 1, 1902, July 1, 1902, January 1, 1903, July 1, 1903; January 1, 1904, July 1, 1904, January 1, 1905, July 1, 1905, January 1, 1906, July 1, 1906, January 1, 1907, July 1, 1907, January 1, 1908, July 1, 1908, January 1, 1909, July 1, 1909, January 1, 1910, July 1, 1910, inclusive, all of which are past due and unpaid. Plaintiff instituted this suit on December 31, 1910, on these twenty coupons maturing, according to their faces, January 1, 1901 to July 1, 1910, and defendant in his answer invokes the ten-year Statute of Limitations against a recovery, asserting the cause of action on the principal debt accrued on August 26, 1899, when the trustee declared the entire indebtedness due because of the several defaults provided in the mortgage,

and that a recovery of the interest thereon is, therefore, barred.

The court gave judgment for plaintiff, in the view that, although the bond on its face recites it is subject to all of the terms of the mortgage and thus called into it the provision of the mortgage respecting the precipitation of maturity because of default, the bond and coupons nevertheless fell due according to the dates specified on the face, and the recovery is not barred by the statute. It is argued that, though such may be the law touching the case of an ordinary promissory note containing no reference on its face to the deed of trust by which it is secured, it is not so with respect to the bond in suit here, which by its very terms imports the provisions of the mortgage accelerating maturity for default into its body. There can be no doubt that the obligation of the defendant guarantor is secondary in character and attached on the failure of the Elevator Company to pay at maturity. It is equally clear that the cause of action on the contract of guaranty accrued when the indebtedness became enforceable by suit at law against the Elevator Company. [See Phelps v. Sargent, 69 Minn. 118.]

The proposition that the cause of action accrues when the right to institute suit looking to its enforcement arises is neither gainsaid nor denied; neither is the proposition that the Statute of Limitations, if not tolled, commences to run at that time. But it is urged the bond becomes due, according to the date stipulated on its face, in 1917, and the coupons on the first days of January and July during the years above mentioned. In reference to these, defendant's contract of guaranty says: ''I hereby guarantee payment in full at maturity of bond No. 445 of the Consolidated Elevator Company (first mortgage bonds), including coupons, beginning with the one due and payable July 1, 1899, as they become due.'' Much stress is laid on the wording of the guaranty concerning the coupons ''beginning with the

one due and payable July 1, 1899, as they become due,'' but it is clear these words are to be considered in connection with the word ''maturity'' employed in the body of the writing. The substance of defendant's undertaking is, that he guaranteed the payment of the bond and coupons at maturity and that this guaranty, in so far as the coupons are concerned, attached first to the coupon due July 1,. 1899 and those thereafter falling due, according to the terms of the bond as to maturity. What, then, are the terms of the bond as to maturity? Although it be true the bond says on its face it shall become due January 1, 1917, it is true, too, that it provides on its face it is one of a series of bonds of like tenor and date aggregating in all $950,000 and that it, along with the others, is subject to all of the terms of a mortgage or deed of trust dated September 30, 1897. By these apt words of reference, the provisions of the mortgage, designed to accelerate enforcement through precipitating maturity of the principal debt on the default stipulated after six months' time, are imported therein so as to mature the entire principal of the bond on the trustee's declaring such, when moved by the majority in amount of the bondholders.

Moreover, there was an actual foreclosure of the mortgage and a sale of the property under it, in accordance with the maturity of the indebtedness declared by the trustee on August 26, 1899. This sale was had October 24, 1899 at the instance of more than two-thirds in amount of the bondholders. A second provision of the mortgage is to the effect that upon a sale of the property hereby conveyed being made by the trustee under the power conferred, the principal of the bonds secured in the mortgage, if not already due and payable, shall at once become due and payable. When corporate bonds of the character here involved thus aptly refer to the deed of trust and recite that they are subject to its terms, they are treated as thus having imported into the bond all of the relevant provisions of

the deed of trust or mortgage, so as to accelerate an enforcement of the indebtedness for all purposes through precipitating its maturity with a view of closing up the whole matter at once. The authorities declare, in such cases, that the bond and mortgage so executed contemporaneously are to be read together and enforced accordingly, when it appears, as here, that the bond by apt words refers to the mortgage securing it and calls such provisions into it. [See Detweiler v. Breckenkamp, 83 Mo. 45; New York Security, etc., Co. v. Lombard Inv. Co., 73 Fed. 537; Dougan v. Evansville, etc., R. Co., 44 N. Y. Supp. 503.] Therefore, it is said "the principal may become due before the time named for its payment, under provisions making the principal payable after a specified default in the payment of interest." [See Jones on Corporate Bonds & Mortgages (3 Ed.), section 54.] In such cases, where the provisions of the mortgage are imported into it by apt reference, the purchaser of the bond is deemed to take with notice of such provisions of the mortgage duly recorded, and not as an innocent purchaser of an ordinary promissory note secured by a deed of trust containing no such provision on its face.

The authorities seem to rule that if the terms of the mortgage are not called into it through apt reference, as by reciting that it is subject thereto, or other equivalent words, the bond may not be declared due and thus rendered suable by a mere provision in the mortgage alone to that effect—that is, the bonds are not due for all purposes. [See Am. Nat'l Bank v. Am. Wood Paper Co., 19 R. I. 149; Mallory v. West Shore, etc., R. R. Co., 35 (J. & S.) N. Y. 174.] In cases of this character—that is, where no reference touching the matter is to be found in the bond and the mortgage provision alone appears—such is to be treated with only for the purpose of foreclosure and sale, and does not operate to mature the debt for all purposes. [See Jones on

Corporate Bonds (3d Ed.), section 56 and authorities supra. Also Jones on Mortgages (6 Ed.), section 1183.] The same is true with respect to an ordinary promissory note secured by a deed of trust, where the latter contains provisions authorizing foreclosure for default in the payment of interest, but the note itself makes no reference to the deed of trust, as by calling for and importing into it the provisions of the deed of trust accelerating maturity of the debt.

In cases of this character, it is now the accepted rule of decision in this State that the provisions of the deed of trust under consideration is designed to mature the indebtedness for the purpose only of effectuating the security through foreclosure and sale, and not for all purposes. Although the rule was formerly otherwise here, the Supreme Court repudiated the prior doctrine and ruled the question last above stated anew, on the ground that a promissory note, though secured by a deed of trust containing a precipitation clause accelerating maturity not referred to in the face of the note, was to be treated as a "courier without luggage," for it is said the maturity expressly stipulated in the face of the note is not to be accelerated by provisions in the mortgage wholly apart therefrom. [See Owings v. McKenzie, 133 Mo. 323, 33 S. W. 802; Westminster College v. Peirsol, 161 Mo. 270, 61 S. W. 811; Curry v. La Fon, 155 Mo. App. 678, 135 S. W. 511.] But, notwithstanding the due date specified, even in a negotiable promissory note, its maturity may be, and frequently is, accelerated so as to authorize suit thereon at an earlier date, by a competent provision therein, to the effect that the entire sum stipulated shall become due on default of the payment of an installment of interest (see Boyd v. Buchanan, 176 Mo. App. 56, 162 S. W. 1075); and the rule obtains, too, with like effect against the guarantor. [See Phelps v. Sargent, 69 Minn. 118.]

The recent case of Binz v. Hyatt, 200 Mo. 299, 98 S. W. 637, while not in point because it proceeds in part on the Iowa statute, and, furthermore, relates to the breach of a guaranty to attend a sale, nevertheless recognizes and points out the distinction in a case such as this one, where the bond aptly calls for the provisions of a deed of trust, from one presenting the feature of a promissory note secured by deed of trust, which note on its face contains no such provision and, therefore, passes as a ''courier without luggage'' whose maturity is therefore to be determined alone by reference to the time named therein.

We conclude that, as the bond under consideration expressly recites it is subject to the terms of the mortgage, and the mortgage contains a provision to the effect that it, along with the entire indebtedness, should became due after the default above referred to and the declaration of the trustee to that effect, or the actual sale of the property, such bond became then due accordingly for all purposes in 1899. Such was maturity within the contemplation of the parties as revealed in the bond, and the guaranty contract of defendant became effective and enforceable accordingly. Of course, if the bond matured at that time for the purposes of suit, as we hold it did, in 1899, then the Statute of Limitations attached immediately and bars the right of recovery for the interest sued for in this suit, instituted December 31, 1910.

The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.